SHORES, Justice.
This case involves an appeal from a judgment based on a directed verdict for the defendant in a medical malpractice action. The plaintiff, Rochelle W. McDowell, as the mother of Reginald Garth and administra-trix of his estate, sued several doctors and Children’s Hospital, alleging medical malpractice and wrongful death. All defendants except Dr. Ronald Feinstein either were dismissed or received summary judgments. The case went to trial against Dr. Feinstein. After plaintiff McDowell had presented her case-in-chief, the trial court, on Dr. Feinstein’s motion, directed a verdict for him and entered a judgment on that verdict. The plaintiff has appealed only as to the judgment for Dr. Feinstein. We affirm.
Reginald Garth, the decedent, was born on January 31, 1964. In 1968, Reginald was diagnosed as having rheumatic fever and was treated by Children’s Hospital. The fever adversely affected the mitral valve of his heart. In 1974, he suffered a blood clot and an aneurysm that caused him to become partially blind and crippled on his left side. Dr. John Kirklin performed heart surgery and replaced Reginald’s mitral valve in December 1974.
From 1975 to 1981, Reginald suffered no additional significant health problems. In April 1981, he was admitted to Children’s Hospital with congestive heart failure and an incompetent mitral valve. Dr. Feinstein advised Ms. McDowell that the valve needed to be replaced, but she declined at that time to give the consent needed to perform the suggested surgery. Reginald was released from the hospital and was given a prescription for Lanoxin, a diuretic.
In June 1981, Reginald was again admitted to Children’s Hospital for subacute bacterial endocarditis. The valve was infected, and Reginald received 43 days of antibiotic therapy for the endocarditis. Once the bacterial infection cleared and the heart failure was under control, Reginald was discharged, on July 22, 1981. Reginald was prescribed Digoxin in order to strengthen the heart contractions, and La-six, a diuretic. The hospital’s social services department contacted Home Health Nursing, a division of the hospital, to monitor Reginald at home until surgery, which had been scheduled for two weeks later.
On July 28, 1981, the home nurse reported that Reginald became ill at 3:30 p.m. *1108 He was admitted to the hospital that afternoon. He died during surgery the next morning.
The plaintiff sued Children’s Hospital and Doctors Moss, Feinstein, Day, Bini, Howard, and Vick. She alleged medical malpractice or negligence by the defendants that, she says, proximately caused the wrongful death of her son. Only Dr. Feinstein remained as a defendant at the time of trial.
At trial, on October 22,1990, the plaintiff represented herself, because counsel who had earlier represented her had withdrawn from the case. The court gave her a significant amount of time to find another attorney but, for various reasons, she did not do so. The plaintiffs only evidence at trial was the deposition of Dr. Gene Williams, which the plaintiff read into evidence.
Dr. Williams said that it would not have been his decision to discharge Reginald in June 1981, but he did not state that the decision to discharge him was contrary to the accepted standard of care. The court sustained the defendant’s objections to conclusions in Dr. Williams’s deposition that were based upon medical records not in evidence.
This action was filed in 1983, pri- or to the tort reform legislation of 1987. Section 6-5-484(a) was the prescribed duty of care owed by a physician to a patient:
“In performing professional services for a patient, a physician’s, surgeon’s or dentist’s duty to the patient shall be to exercise such reasonable care, diligence and skill as physicians, surgeons, and dentists in the same general neighborhood, and in the same general line of practice, ordinarily have and exercise in a like case. In the case of a hospital rendering services to a patient, the hospital must use that degree of care, skill and diligence used by hospitals generally in the community.”
To sustain her burden of proof and in order to submit the question to the jury, Mrs. McDowell must have shown by a scintilla of evidence that Dr. Feinstein’s alleged negligence probably caused Reginald’s death. Bates v. Meyer, 565 So.2d 134 (Ala.1990).
Dr. Williams’s deposition fails to demonstrate any negligence by Dr. Fein-stein that may have proximately caused Reginald’s death. Therefore, there was nothing for the jury to decide, and the trial court correctly directed a verdict for Dr. Feinstein.
“ ‘The standard for testing a motion for directed verdict is the same as that for a motion for JNOV. Casey v. Jones, 410 So.2d 5 (Ala.1981). Both of the motions test the sufficiency of the evidence. Wright v. Fountain, 454 So.2d 520 (Ala.1984).’ Black Belt Wood Co. v. Sessions, 514 So.2d 1249, 1251 (Ala.1986).”
John R. Cowley & Bros., Inc. v. Brown, 569 So.2d 375 (Ala.1990).
The plaintiff did not present any “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989).
The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.