INGRAM, Justice.
This appeal arises out of a real estate sales contract between Mickie and Mike McDowell and David and Linda Pegram. The McDowells sued the Pegrams and SouthTrust Bank, N.A.,[1] alleging breach of contract; fraud, misrepresentation and deceit; negligence; interference with contract; and conspiracy. The trial court dismissed the negligence action against South-Trust and entered a summary judgment in favor of the Pegrams and SouthTrust on all other claims. The McDowells appeal.
The Pegrams agreed to buy a house owned by the McDowells. The sale was expressly contingent upon the Pegrams’ obtaining a bank loan in the approximate amount of $36,000. David Pegram applied for the loan at SouthTrust. However, after reviewing the loan application, South-Trust’s loan officer recommended that the loan be denied because Mr. Pegram had excessive debt obligations in relation to his income. In other words, Mr. Pegram’s monthly debt payments on existing loans were too high in relation to his monthly income to qualify for another loan. Another bank also denied the Pegrams’ loan application. The Pegrams then advised the McDowells that they could not get the loan and asked for the return of the $500 earnest money. Subsequently, the McDowells filed this action.
Initially, we note that a motion for summary judgment may be granted *981 only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.; Southern Guar. Ins. Co. v. First Alabama Bank, 540 So.2d 732, 734 (Ala.1989). The burden is, therefore, upon the moving party to clearly show that there is no material fact in dispute, and all reasonable inferences from the evidence are to be viewed most favorably to the nonmovant. Southern Guar. Ins. Co., supra, at 734.
Rule 56 is read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala.Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., “evidence of such weight and quality that fair minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The evidence submitted reveals that the Pegrams used all reasonable efforts and diligence to obtain a new loan. They furnished all the relevant information to an institution at which they had established credit. They also attempted to get the loan from another bank. However, due to their outstanding debts at that time, they were unsuccessful. SouthTrust’s policy on loans of this nature was that the debt repayment amount could not exceed 35 percent of the gross income of the loan applicant. Therefore, SouthTrust, as well as the other bank, denied the loan because of “excessive obligation in relation to income.”
The McDowells presented no evidence that the Pegrams did not want to purchase the property or that they wanted to get out of the contract. In fact, the McDowells testified that they believed that the Pe-grams intended to purchase the home. Further, the McDowells failed to present substantial evidence that the Pegrams could have obtained a loan based upon their income and outstanding obligations at the time in question. Clearly, the income and monthly debt service of the Pegrams controlled their ability to qualify for the loan.
As concerns SouthTrust, the McDowells failed to offer substantial evidence of a representation of any kind, much less evidence of a misrepresentation or false statement by SouthTrust to the McDowells or to their real estate agents. The McDowells both acknowledged that they had had no conversation with any employee of South-Trust and that SouthTrust had made no false representation or fraudulent statement to the McDowells’ real estate agents. One agent testified in her affidavit that she had had no communications or correspondence at all with any employee at South-Trust in connection with this matter. The other agent testified that, although she had had certain conversations with an employee of SouthTrust, the employee had made no false statements or representations to her at any time.
The record shows that the Pegrams and SouthTrust met their burden of making a prima facie showing that there was no genuine issue of material fact and that they were entitled to a judgment as a matter of law on all counts. The McDowells did not rebut that showing. The judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, HOUSTON and STEAGALL, JJ., concur.

. The McDowells also sued Ray Petty, an employee of SouthTrust.