ROBERTSON, Presiding Judge.
This is an appeal from the granting of a motion for summary judgment in favor of Herring Welding Supply, Inc. (Herring), and against Fleming Ford Tractor Company, Inc. (Fleming Tractor).
On October 11, 1990, Herring filed a complaint against Fleming Tractor and Richard Fleming, individually, alleging that they owed $1,865.04 on an open account for supplies and cylinder rent, and that they had converted to their own use certain cylinders valued at $5,200. On September 23, 1991, Herring filed a motion for summary judgment. Herring based its motion on the pleadings and on the affidavits of Susan Herring and Ray Herring.
The trial court entered a judgment against Fleming Tractor and in favor of Herring in the amount of $7,811.58 and a judgment in favor of Richard Fleming individually. Fleming Tractor appeals.[1]
The dispositive issue is whether granting summary judgment in favor of Herring was proper.
For Herring to succeed on a motion for summary judgment, it must show that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P. If Herring satisfies this, initial burden, Fleming Tractor has the opportunity to defeat the motion by producing substantial evidence establishing a genuine issue of material fact. “As stated by Justice Jones, substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assur. Co. of Fla., 547 So.2d 870, 871 (Ala.1989) (citation omitted). “In determining whether there is substantial evidence to defeat a summary judgment motion, this court reviews the record in -the light most favorable to the non-movant and resolves all reasonable doubts against the movant.” Specialty Container Mfg., Inc. v. Rusken Packaging, Inc., 572 So.2d 403, 404 (Ala.1990).
In Ray Herring’s affidavit, he stated that he is in the welding and supply business, a business which entails the delivery of oxygen and acetylene in cylinders which are rented on a monthly basis. He stated that Fleming Tractor and Richard Fleming were doing business with Herring before Ray Herring bought the business from Lester Herring in December 1986. When he bought the business his customers were not affected by the new ownership, but some of the customers were not paying cylinder rent, so he began billing for the rent. He further stated that Fleming Tractor and Richard Fleming did business with Herring on a credit basis with the terms of the arrangement being payment due thirty days after invoice, and that payments were made on the accounts after Herring began sending the bills. In December 1988 Herring stopped Fleming Tractor’s line of credit because it ceased making payments. Ray Herring also stated that the charges *286 for cylinder rentals were initiated by him when he bought the business and had not been a charge to customers prior to that time.
By affidavit, Susan Herring stated that she is married to Ray Herring; that she is a certified public accountant; and that she is in charge of the daily accounting in the office of Herring. Further she stated that Fleming Tractor’s open account shows $5,200 on lost cylinders and $864 for cylinder rental; that in June 1990 cylinder rental ceased and that from December 1988 through June 1989, open invoices indicated supplies bought by Fleming Tractor in the amount of $1,000.04, and, with finance charges on the balance, the total was $1,301.04. As of September 13, 1991, the total owed by Fleming Tractor was $7,366.08. She stated that the cylinder rental rate was $3 a month per cylinder; that the first billing of the cylinder rental was in July 1987; and that the invoice states that it is a cylinder rental invoice. She also stated that Herring credited $1,000 to Fleming Tractor’s account for five cylinders which were returned and that cylinder rental was paid between July 1987 through January 1989, after which no payments were made.
Richard Fleming, by affidavit, stated that his original lease for welding supplies, including oxygen and acetylene, was with Lester Herring and that he had done business with him for about 20 years. When the business was sold to Ray Herring, Fleming stated that he was assured by Ray Herring that “business would be as usual and that [Ray Herring] would honor his brother’s agreement with me.” He stated that he realized that Ray Herring was charging him for demurrage on welding tanks when he checked on a customer’s bill that had been paid. He stated that he does owe for some supplies, but he said that he does not owe for demurrage on welding tanks.
The record reflects that the claimed lost cylinders and claimed demurrage came about over a span of 15 to 20 years before Ray Herring bought the business from Lester Herring, and that the cylinders had been given out to Richard Fleming’s friends and customers.
In viewing the record in the light most favorable to Fleming Tractor and resolving all reasonable doubts against Herring, we find there to be substantial evidence sufficient to defeat a summary judgment motion and that Fleming Tractor has established a genuine issue of material fact. Consequently, the granting of the motion for summary judgment was error.
The judgment is due to be reversed and the case remanded for further proceedings.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN and RUSSELL, JJ., concur.

. Richard Fleming was also named as an appellant, but he has made no argument on appeal.