The focus in this case is whether there is substantial evidence to support the trial court's finding that Alan Northam is 60% permanently and partially disabled. The substantial evidence test, by its nature, requires that the court assess or weigh evidence and determine whether fair-minded persons exercising impartial judgment could reasonably infer the existence of the fact sought to be proved. West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). This Court is required by the rules of appellate review to determine whether substantial evidence exists to support the findings of the trial court, not whether the plaintiff satisfied his burden of proof. We must answer that question based on the evidence presented at trial. That evidence indicated, among other things, that Alan Northam had obtained a two-year associate's degree and was attending the University of Alabama, seeking a degree in computer science. It further indicated that he had limited work experience and that his work had been primarily manual labor. According to his testimony, he was undergoing treatment for considerable pain. As the main opinion indicates, for the treatment of pain he had had two other body-invasive temporary treatments before having a tube permanently placed in his back to inject medicine into his system.
The trial court is free to evaluate all of the evidence, either with or without physicians' impairment ratings, to determine whether an employee has had a loss of earning ability or *Page 858 
has incurred a vocational disability. I am therefore persuaded, based on all of the evidence, including Northam's past work experience and the treatment he is presently receiving for pain, that the trial court had before it substantial evidence to support its conclusion that Northam was 60% vocational disabled. Successful management of the pain, as well as the ultimate completion of this university studies, would clearly affect the question whether he will remain disabled to the same degree; however, whether the pain can be successfully managed and whether he completes his studies are questions that will be resolved post-trial and do not present factors the trial court could have considered at the time this case was tried. For the reasons expressed herein, I concur in the opinion and judgment of the Court.