HOLMES, Retired Appellate Judge.
This is a workers’ compensation case.
In May 1994 Cleveland J. Louallen (employee) filed a complaint against Dunlop Tire Corporation (employer). The employee alleged that he was permanently disabled as a result of an injury or occupational disease which arose, or occurred, during the course of his employment with the employer. The employee requested that the trial court award to him those workers’ compensation benefits to which he was entitled.
After a hearing the trial court issued an order, finding that the employee, as a result of exposure to chemicals at his workplace, had developed allergic contact dermatitis, an occupational disease. The order also stated that the employee’s occupational disease arose out of and in the course of his employment with the employer. The trial court also found that, in light of Ala.Code 1975, § 25-5-117(b), the “date of the injury” was September 30, 1993, which was the employee’s last day at work and his last exposure to the chemical irritants.
The trial court determined that the employee had sustained a 66.5% permanent partial loss of ability to earn and awarded benefits accordingly. Additionally, the trial court also determined that the employer was entitled to a setoff of the amount of disability retirement benefits received by the employee against the workers’ compensation benefits awarded to the employee.
The employee appeals.
In his first issue the employee contends that the trial court committed reversible error when it allowed the employer to set off the amount of disability retirement benefits received by the employee against the workers’ compensation benefits awarded to the employee. We agree.
In Sanders v. Dunlop Tire Corp., 706 So.2d 716, 722 (Ala.Civ.App.1996), this court “conclude[d] that the trial court erred by offsetting [the employee’s] medical disability retirement benefits against his accrued and future permanent partial disability benefits.”
In his second issue the employee contends that the trial court committed reversible error when it failed to find that the employee was permanently and totally disabled.
This case is governed by the new Workers’ Compensation Act, which provides that this court’s review of the. standard of proof and other legal issues is without a presumption of correctness. Ala.Code 1975, § 25-5-81(e)(l). However, “[w]e will view facts in the light most favorable to the findings of the trial court.” Whitsett v. BAMSI, Inc., 652 So.2d 287, 290 (Ala.Civ.App.1994), overruled on other grounds, Ex parte Trinity Industries, Inc., 680 So.2d 262 (Ala.1996). In Edwards v. Jesse Stutts, Inc., 655 So.2d 1012, 1014 (Ala.Civ.App.1995), this court concluded that “[t]he new Act did not alter the rule that this court does not weigh the evidence before the trial court.”
Further, we would note that this court will not reverse the judgment of the trial court if the trial court’s findings of fact in the case are supported by substantial evidence. Ala. Code 1975, § 25-5-81(e)(2). In Ex parte Trinity Industries, Inc., 680 So.2d at 268, our supreme court “defined the term ‘substantial evidence,’ as it is used in [Ala.Code 1975,] § 12-21-12(d), to mean ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989).”
Our review of the record reveals the following: The employee, born in August 1942, worked for the employer for 24 years, 11 months, until the employer medically retired the employee in November 1993. The employee received medical retirement because of the restrictions placed on the employee by his treating physician, Dr. Rex *80 Payne, a dermatologist. These restrictions were as follows: The employee should avoid exposure to chemicals common to the rubber industry, and the employee might anticipate difficulties working in environments in which there is a lot of high heat, humidity, or friction.
Additionally, we would note that the employee has served in the National Guard for 23 years. In fact, at the trial, the employee testified that he continued to serve in the National Guard as a cable lineman and that he had not experienced any problems with the contact dermatitis while serving in the National Guard.
Patsy Bramlett, a vocational rehabilitation counselor, testified at the trial. Bramlett stated that with the restrictions placed by Dr. Payne, the employee would be unable to resume any of the prior jobs he held. It was Bramlett’s opinion that the employee had suffered a loss of earning capacity of between 70% and 100%. However, Bramlett admitted that she was not saying that the employee could not be retrained for gainful employment.
The employee admitted that he thought that he would be able to perform the jobs for which he had applied.
In light of the foregoing, the trial court’s findings that the employee had sustained a 66.5% permanent partial loss of ability to earn are supported by substantial evidence.
The trial court’s judgment is affirmed in part, reversed in part, and remanded.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12 — 18—10(e).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.
CRAWLEY, J., concurs in part and dissents in part.