Plaintiffs Joe West and Elender Sanders, as administratrix of the estate of Susan P. West,[1] appeal from a summary judgment entered in favor of the defendants, Founders Life Assurance Company of Florida *Page 871 
("Founders Life") and its agent, James H. Hudson. This case involves an alleged breach of a contract of insurance occurring when Founders Life tendered the proceeds of the policy to Mary Emma West.[2]
In 1969, Founders Life, through its agent, Hudson, issued a policy of life insurance to Terriel West. Terriel's brother Joe was designated as primary beneficiary, and his sister Susan was designated as contingent beneficiary. (Susan died during the pendency of this lawsuit and her interests are now represented by her administratrix, Elender Sanders.) At some time thereafter, Terriel told Hudson that the original policy had been lost, but that he wished to change his primary beneficiary. The policy provides that such a change "shall take effect only when endorsed on the Policy by the Company." Nevertheless, Hudson provided Terriel with the proper forms to change the primary beneficiary.
In 1980, Terriel again wished to changed beneficiaries, and Hudson again furnished the proper forms. This time, Terriel designated his wife, Mary Emma, as the primary beneficiary and his estate as the contingent beneficiary. After Terriel died, Founders Life paid the proceeds of the policy to Mary Emma.
Joe and Susan filed suit against Founders Life and Hudson, claiming that Terriel had assigned the policy to them, that the changes in beneficiaries were invalid because they were not accomplished according to the terms of the contract, and that, therefore, they were entitled to the proceeds of the policy. In response to the defendants' motion for summary judgment, Joe testified by affidavit that Hudson knew that Terriel had delivered the original policy to him in exchange for valuable consideration. This, Joe argues, creates a factual issue as to whether an assignment was made; therefore, he contends, the trial court erroneously entered summary judgment. We disagree.
First, there is nothing in the record showing that Hudson ever entered into any contract with Joe or Susan. Accordingly, summary judgment as to Hudson was properly entered.
Second, the policy provides that any change in beneficiary "shall be subject to the rights of any assignee of record with the Company." Furthermore, the policy provides that "no assignment [of the policy] shall be binding upon the Company until the original or a duplicate thereof has been filed at the Home Office of the Company." Thus, the policy obviously contemplates that, to be valid, any assignments must be in writing and must be filed with Founders Life.
We have held that in order to prove that a valid assignment has been made, there must be a showing that the alleged assignor intended to make an assignment and that he did some act that would indicate a transfer of his rights. Russell v.Birmingham Oxygen Service, Inc., 408 So.2d 90, 93 (Ala. 1981). By the terms of the policy here involved, the act, or the manifestation of the intent to assign, in order to be binding on the company, was required to be in the form of a written notice of the assignment filed with Founders Life. Nothing in the record indicates that such a notice was filed.
This action was commenced after June 11, 1987; therefore, the "substantial evidence rule," codified at Code 1975, § 12-21-12
(Supp. 1988), applies. As stated by Justice Jones, substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.Rowden v. Tomlinson, 538 So.2d 15, 19 (Ala. 1988) (Jones, J., concurring). We conclude, based on the record before us, that fair-minded persons exercising impartial judgment could reach but one result — that reached by the trial court. *Page 872 
Accordingly, the summary judgment in favor of Founders Life and Hudson is affirmed.
AFFIRMED.
JONES, SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] For the sake of convenience, future references to Joe West will be understood to be references to both parties plaintiff.
[2] This person is apparently the same person identified in some parts of the record as "Mary M. West."