L. CHARLES WRIGHT, Retired Appellate Judge.
Rawsy McCollum, Kathryn Kirk, and Mary F. Jones (appellants) filed an action against Drummond Company, Inc., alleging that they suffered damages as a result of Drummond’s blasting operations in strip-mining coal. They alleged that Drummond was both negligent and wanton in its mining activities.
A jury trial commenced on April 18, 1995. Following the appellants’ presentation of their case, Drummond moved for a directed verdict, pursuant to Rule 50, Ala.R.Civ.P. The trial court granted the motion. This appeal ensued. This ease is before us pursuant to § 12-2-7(6), Ala.Code 1975.
At the hearing on the motion for a directed verdict, the appellants conceded their opposition to a directed verdict on the wantonness claim. They assert on appeal that the trial court erred in directing a verdict in favor of Drummond on the negligence claim.
The standard of review applicable to a directed verdict motion is whether the nonmovant has presented sufficient evidence to allow submission of the case or issue to the jury for a factual resolution. Carter v. Henderson, 598 So.2d 1350 (Ala.1992). The nonmovant must present substantial evidence supporting each element of his cause of action. Substantial evidence is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co., 547 So.2d 870 (Ala.1992).
In order to recover on the basis of negligence, the appellants must establish that Drummond owed them a duty of care, that Drummond breached that duty, and that they suffered damages as a proximate result of that breach, Lollar v. Poe, 622 So.2d 902 (Ala.1993).
The appellants claim that one blast was conducted by Drummond at its Cedrum Mine on December 2, 1991, at approximately 1:00 p.m., which caused their damages. The appellants provided substantial evidence that there was an event which occurred on De *1131 cember 2, 1991. The witnesses described hearing a loud noise and feeling vibrations in their homes. The appellants also submitted substantial evidence concerning the damages sustained to their structures.
A review of the record reveals that the appellants merely presented evidence regarding the nature and the extent of the alleged damages to their residences. They presented no evidence linking these damages to Drummond. Nor did they present any evidence proving that Drummond breached any duty owed to them. A careful review of the record, viewed in a light most favorable to the appellants, proves that they failed to present substantial, or any, evidence that Drummond acted negligently and thereby proximately caused the damages alleged.
In its order directing the verdict, the trial court found the following:
“In order to prove a claim for negligence, it is clear the plaintiffs have the burden of proof to show a causal connection between the blast conducted and the damages sustained to the homes. Further, under a negligence count the plaintiffs have the burden of proof to show the blast was conducted negligently or improperly and this negligence caused or contributed to cause the damages. Plaintiffs’ proof was wholly lacking on both of these elements. As such, plaintiffs faded to present substantial evidence of negligence and failed to present a prima facie ease which would allow this claim to be submitted to the jury.”
The trial court’s order is supported by fact and law. The directed verdict is, therefore, affirmed.
Prior to the final entry of, the directed verdict, the appellants requested that the trial court allow them to re-open their ease and call a representative of Drummond as an adverse witness. The trial court denied the request. The appellants assert that the denial was made in error.
Whether to allow a party to reopen its case is within the sound discretion of the trial court. Green Tree Acceptance, Inc. v. Standridge, 565 So.2d 38 (Ala.1990). An error may not be predicated upon a trial court’s refusal to allow a party to re-open its case absent an expressed showing of abuse of discretion. The appellants failed to present any evidence to indicate that the trial court abused its discretion.
The judgment of the trial court in directing the verdict is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.