MONROE, Judge.
Alton Ray Pitts sued his employer, Dunlop Tire Corporation, to recover workers’ compensation benefits for an injury he suffered while on the job. After a hearing, the trial court entered a judgment finding that Pitts’s injury had left him permanently and totally disabled. The court also awarded Dunlop a set-off of Pitts’s pension benefits against the workers’ compensation benefits to which he was entitled. Dunlop appeals from the trial court’s finding that Pitts was permanently and totally disabled. Pitts cross appeals the award of the set-off.
The record tended to show the following. Pitts, who was 51 years old at the time of trial, had worked as a maintenance mechanic at Dunlop since 1982. On September 3,1993, Pitts was repairing a gear on a tire-building machine when he twisted his neck. Pitts testified that he kept working for about a week afterward; however, he said he had to keep going to the nurses’ station for pain pills and to be “iced down.” Pitts was sent to see Dr. Robert Johnson, Dunlop’s company doctor. Dr. Johnson referred Pitts to Dr. Haws, who performed two surgeries on Pitts to relieve the pain in his neck. ' Pitts also received physical therapy, but his pain continued. Dr. Haws released Pitts to return to work in August 1994. Pitts then saw Dr. Johnson again, who determined that Pitts would “probably be unable to return to work.”
The record also shows that Pitts had a history of work-related injuries for which he received workers’ compensation benefits. He was injured in 1974 and required surgery to remove an extruded disc from his lower back. He filed a workers’ compensation claim for that injury and received a settlement. In 1988, Pitts again was injured at work and received a settlement. In July 1989 Pitts was injured in an accident at work and received a third workers’ compensation settlement. Pitts had accidents on July 29, 1992, and April 1, 1993, which resulted in a fourth workers’ compensation settlement, which was entered into after the accident in this case.
Because Pitts’s injury occurred in September 1993, the new Workers’ Compensation Act applies. The standard of review this court must apply in cases under the new Act is derived from § 25 — 5—81(e)(1), Ala.Code 1975, which provides: “In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.” Furthermore, the new Act provides that “in reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.” § 25-5-81(e)(2). The Alabama Supreme Court has defined “substantial evidence” as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact *728 sought to be proved.” West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989); Ex parte Trinity Industries, Inc., 680 So.2d 262, 268 (Ala.1996).
Dunlop argues that the trial court erred in holding that Pitts was permanently and totally disabled as a result of the September 1993 accident, in light of Pitts’s preexisting injuries, surgeries, and medical conditions. Specifically, Dunlop says, the court erred because it did not take into consideration §§ 25-5-57(a)(4)e. and 25-5-58, Ala. Code 1975.
Section 25-5-57(a)(4)e. reads as follows:
“e. Second Permanent Injuries Generally. — If an employee has a permanent disability or has previously sustained another injury than that in which the employee received a subsequent permanent injury by accident, as is specified in this section defining permanent injury, the employee shall be entitled to compensation only for the degree of injury that would have resulted from the latter accident if the earlier disability or injury had not existed.”
Section 25-5-58 reads as follows: “If the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed.”
In interpreting these statutes, the Alabama Supreme Court has held:
“The language of these statutes, clearly requires that the court apportion disability awards in workers’ compensation cases between work-related accidents and patent preexisting injuries or infirmities when calculating the degree or duration of a disability, and it clearly limits the liability of an employer to only the increased disability suffered by an employee above that which had existed before the injury made the basis of the claim.”
Ex parte Bratton, 678 So.2d 1079, 1082-83 (Ala.1996).
Bratton involved a man who, in 1976, at age 59, had a heart attack and retired with a disability pension. He also received disability benefits from the Social Security Administration because of his heart condition. In 1985, Bratton had a stroke that left one side of his body weak. In 1988, at the age of 71, Bratton went to work at a Wal-Mart store as a greeter, performing other jobs for the store as well, including caring for the plants in the garden shop. After working at Wal-Mart for about five years, Bratton tripped over a garden hose at the store and hit the back of his head on the floor. The trial court found that before the accident Bratton had been able to efficiently perform all of his duties at Wal-Mart, and that Bratton’s earlier heart attack and stroke did not disable him from doing the job he had been hired to do at Wal-Mart. The Supreme Court held that the evidence was sufficient to support the trial court’s findings of fact and upheld the trial court’s decision not to apportion disability benefits in accordance with §§ 25-5-57(a)(4)e and 25-5-58. Ex parte Bratton, 678 So.2d 1079.
In reaching its decision not to apportion disability benefits in this case, the trial court said that it had considered Pitts’s prior surgeries, but added:
“The Court is well satisfied from the evidence that the Plaintiff is entitled to a permanent total disability award based on the work-related accident and injury of September 3, 1993. The Court is satisfied that the Plaintiff returned to his job as .a maintenance mechanic prior to the work-related accident injury on which this Complaint is based.”
In this ease, there is evidence that, despite his prior injuries, Pitts was back at work full-time as a maintenance mechanic when the September 3, 1993, accident occurred. Although Pitts’s supervisor had cautioned him to get help when he had to do a task that required heavy exertion, Pitts said that he was performing his job without restrictions and that he often worked alone. He also said that there was no way to pick which job he was going to do because breakdowns were not evaluated until the mechanic arrived to make the evaluation. Dairy Vest, another maintenance mechanic at Dunlop, testified that before the September 1993 accident, *729 Pitts did the “same kind of maintenance work that all the rest of the mechanics done, just replacing gear boxes and working on the machinery.” The fact that Pitts was replacing a gear box when the September 1993 accident occurred tends to support the trial court’s finding that Pitts had returned to his job.
We find that there is sufficient evidence to support the trial court’s findings, and we conclude that the trial court did not err in not apportioning disability benefits in accordance with §§ 25-5-57(a)(4)e. and 25-5-58. See Ex parte Bratton, 678 So.2d 1079.
In his cross appeal, Pitts contends that the trial court erred in setting off Pitts’s disability pension against his workers’ compensation award because, Pitts argues, the medical disability plan that was set off was not paid for by Dunlop, but was a fringe benefit paid in lieu of wages.
The trial court granted the set off to Dun-lop pursuant to § 25 — 5—57(c)(1), Ala.Code 1975, which reads as follows:
“The employer may reduce or accept an assignment from an employee of the amount of benefits paid pursuant to a disability plan, retirement plan, or other plan, providing for sick pay by the amount of compensation paid, if and only if the employer provided the benefits or paid for the plan or plans providing the benefits deducted.”
This court addressed the issue whether Dunlop’s medical disability retirement plan could be used to offset workers’ compensation benefits in Sanders v. Dunlop Tire Corp., 706 So.2d 716 (Ala.Civ.App.1996). In Sanders, we held that Dunlop’s medical disability retirement plan was part of the employee’s fringe benefits and that the fringe benefits were paid in lieu of wages. Therefore, this court concluded, the company’s employees paid for the medical disability retirement plan by accepting the fringe benefits in lieu of additional wages, and the trial court erred in offsetting the medical disability retirement benefits against his workers’ compensation benefits. Id. A review of the record shows that the disability plan discussed in Sanders is the same disability plan the trial court used to offset Pitts’s workers’ compensation benefits. Therefore, based on our holding in Sanders, we hold that the trial court erred in awarding Dunlop a set off against Pitts’s workers’ compensation award.
That portion of the trial court’s judgment granting Dunlop a set-off against Pitts’s workers’ compensation award is reversed, and the cause is remanded to the trial court for the entry of a judgment consistent with this opinion. Otherwise, the judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and THIGPEN, J., concur.