I am not persuaded by Myers's argument that she suffered two successive, separate injuries. Therefore, I respectfully dissent.
Myers's own treating physician, Dr. Leslie Fowler, attributed her second surgery to her first work-related injury, which occurred in July 1992. Myers eventually returned to work following the first injury, but, according to her supervisor's testimony, she said she did not believe she could perform her old job because of problems with her shoulder.
Myers continued to receive treatment from Dr. Fowler for the first injury, after she was released to work, and it was only 11 days following her return to work that her alleged second injury to the same shoulder occurred. Additionally, Dr. Fowler's letter of October 5, 1993, stated that Myers had reached maximum medical improvement from her injury of July 2, 1992, and that letter made no reference whatever to a second injury occurring on April 28, 1993.
The majority of the evidence presented supports the conclusion that Myers's second injury was a recurrence of her prior injury.
I am mindful of the proper standard for appellate review pertaining to workers' compensation cases. Section 25-5-81(e) Ala. Code, 1975, which is a part of the New Worker's Compensation Act, provides that a trial court's findings of fact will not be disturbed if those findings are supported by substantial evidence. See Ex parte Trinity Industries, Inc.,680 So.2d 262 (Ala. 1996). The Trinity court defined substantial evidence as "evidence of such weight and quality that fair minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." Id., at 268 (quoting West v. Founders Life AssuranceCo., 547 So.2d 870 (Ala. 1989)).
Applying this standard to the facts of this case, I conclude that the trial court's determination that Myers suffered from two separate injuries is not supported by substantial evidence.
The evidence supports a finding of a temporary, total disability followed by permanent, partial disability, as both disabilities *Page 140 
arose from the same injury. Therefore, the trial judge should have allowed 3-M to deduct the temporary, total benefits paid to Myers from the amount payable for her permanent, partial disability, and the maximum recovery period should have been limited to 300 weeks. See Ala. Code 1975, § 25-5-57(a)(3)g.