MONROE, Judge.
The plaintiff, Lee A. Moorer, Jr., acting pro se, appeals from the trial court’s judgments on his workers’ compensation and retaliatory discharge claims.
The defendant, the City of Greenville, urges this court to dismiss Moorer’s appeal for failure to comply with Rule 28, Ala. R.App.P. We acknowledge that Moorer’s brief includes his own subjective statements of fact, which are neither cited to nor supported by the record. Although his legal arguments are not very clearly stated, we note that he has at least cited authority for most of his arguments. After reviewing his brief in its entirety, we believe we understand the basic points of his arguments well enough to adequately resolve them in this appeal.
*41 Because most of the facts were disputed in the trial, it is helpful to begin by looking at the trial court’s ■ judgment, which sets out detailed findings of fact, including the following relevant portions:
“That following the Plaintiffs back surgery in November, 1992, [resulting from his on the job injury] the Plaintiff recuperated and was then placed on a regimen of physical therapy which was concluded on June 11,1993 when the Plaintiff refused to perform physical therapy according to the requirements of the surgeon and pursuant to the instructions of the physical therapist. As a result, Dr. Hackman instructed the Plaintiff to return to work and the Plaintiff was released from the care of Dr. Hackman later in June of 1993.
“That the Plaintiff, according to his own statements, then intended to return to work but on June 27, 1993 while in Montgomery, Alabama, the Plaintiff had a slip and fall accident in a Waffle House restaurant and claimed to have suffered additional injuries. The new injuries were not reported to his employer nor did the Plaintiff return to work as instructed by Dr. Hackman. Instead, the Plaintiff returned to Dr. Hood, a local physician, and requested physical therapy stating that he would be paying for the treatment rather than the Workmen’s Compensation Carrier, that he wanted it at home, he did not mention the June 27, 1993 Waffle House fall, but he did seek a statement of continued disability from Dr. Hood presumably to undergo the physical therapy and also to submit payments under a disability insurance policy through his employer.
“That the Plaintiff again saw Dr. Hood on August 23, 1993 about a matter that he said was not related to this Workmen’s Compensation injury, obtained a surgical collar from him on September 28, 1993, and requested crutches on October 11, 1993. Dr. Pedan evaluated the Plaintiff in October of 1993 presumably in connection with his claim against the Waffle House and Dr. Hackman again evaluated him in November of 1993 for purposes of that claim. Both doctors indicated he should return to work.
“That Plaintiff’s employment was terminated by the City of Greenville in December of 1993 and Plaintiff’s discharge was upheld during an appeal before the City Council on January 10,1994.
“That Plaintiff filed his Workmen’s Compensation claim against the City of Green-ville on November 17, 1994, later amended ■the claim to include [a claim] for wrongful discharge, and the wrongful discharge claim was dismissed on Motion for Summary Judgment by a separate Order of this Court.
“That the Plaintiff’s claim for compensation for injuries sustained prior to November 17, 1992, if any, [is] barred by the statute of limitation of two years.
“That although a substantial amount of evidence exists that the Plaintiff did not likely suffer an injury by accident arising out of and in the course of his employment on November 18, 1992, this Court is required to give the Plaintiff the benefit of the doubt as to whether or not such injury occurred and such doubt is created by the facts known to the Court to have occurred on that date and the Court consequently finds that such injury and accident did occur for purposes of qualifying the Plaintiff for benefits.
The trial court also found that Moorer had received a settlement in the amount of $25,-000 for his claim against Waffle House, and that Moorer had failed to inform the City of this settlement or of the accident itself. In addition, the trial court found that the City had established the affirmative defense of Moorer’s failure to accept physical rehabilitation, which barred Moorer from receiving additional benefits, under § 25-5-77(b), Ala. Code 1975.
The trial court awarded Moorer temporary total workers’ compensation benefits extending from November 18, 1992, the date of his injury, until June 11, 1993, the date he refused to continue physical therapy and was released to return to work. The trial court also ordered the City of Greenville to pay penalties to Moorer pursuant to § 25-5-59(b), Ala.Code 1975, because of the City’s refusal to pay Moorer’s temporary total disability compensation. As noted above, the *42 trial court, in a separate order, entered a summary judgment in favor of the City on Moorer’s claim of retaliatory discharge.
Moorer argues that the trial court abused its discretion in finding that he had recuperated by June 11, 1993, and by not finding him totally and permanently disabled. In addition, Moorer argues that the trial court erred in entering a summary judgment on his 'wrongful discharge claim.
First, we address Moorer’s workers’ compensation claim. Under the applicable standard of review, we will not reverse the trial court’s finding as to a question of fact in a workers’ compensation case when that finding is supported by substantial evidence, i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” Ex parte Trinity Industries, Inc., 680 So.2d 262, 268 (Ala.1996) (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)); § 12-21-12(d), Ala.Code 1975.
Dr. John Hackman testified in his deposition, which was submitted as an exhibit at trial, that he had performed back surgery on Moorer in November 1992. Dr. Hackman also testified that, after Moorer had recuperated from the surgery, he instructed Moorer to undergo physical therapy so that he could eventually return to work. Hackman further testified that Moorer repeatedly failed to comply with the instructions of his physical therapists and that, despite complaints from Moorer, additional diagnostic tests performed by Hackman revealed no problems with Moorer’s back. Hackman also testified that, on June 11, 1993, Moorer refused to attempt any additional physical therapy. Hackman informed Moorer by letter that there was nothing he could do for him and that Moorer could return to work. Trial testimony also revealed that, soon after Moorer was released to return to work, he slipped and fell at the Waffle House restaurant, injuring himself again. After falling at the Waffle House, Moorer sought treatment by several doctors, who testified that Moorer had told them that the new injury was not work-related and that it would not be covered by workers’ compensation. In fact, in Moorer’s deposition, which was submitted to the trial court, he had testified that he was not attempting to hold the City responsible for anything that happened after his fall at the Waffle House and that he would have been able to return to work had he not been injured at the Waffle House. In addition, Moorer does not dispute that he refused to continue with his physical therapy.
After reviewing the record, we find it clear that the trial court was presented with substantial evidence showing that Moorer was entitled to receive workers’ compensation benefits from the date of his accident up until the date that he was released to return to work and that any additional infirmities occurring after that date did not result from his on-the-job injury.
Furthermore, Moorer failed to present substantial evidence to show that he was rendered permanently and totally disabled as a result of his November 1992 injury. Moor-er argues that the trial court should have found him to be permanently and totally disabled because he had been determined to be disabled for purposes of receiving Social Security disability payments. However, even if we assumed Moorer was totally and permanently disabled, he failed to present substantial evidence that his disability resulted from his on-the-job accident.
Moorer also argues that the trial court erred in entering the summary judgment on his retaliatory discharge claim. In order to enter a summary judgment, the trial court must determine that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.; Silk v. Merrill Lynch, Pierce, Fenner & Smith, 437 So.2d 112 (Ala.1983). For cases filed after June 11, 1987, Rule 56 is read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala. Code 1975. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). To defeat a properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
*43 It appears that the trial court granted the City’s motion for a summary judgment after holding a hearing on the motion. The City presented evidence that it was informed that Moorer was released to return to work and that Moorer did not inform anyone that he would be unable to return to work because of his subsequent injury. In fact, Moorer presented no evidence to show that he had informed the City that he had been injured at the Waffle House. The City terminated Moorer because he had not attempted to return to work approximately six months after being released to return. After considering all deposition testimony and legal arguments, the trial court attempted to have Moorer explain the basis for his wrongful termination claim, as the following excerpt shows:
“The Court: What is your evidence that there was — that this is the reason you were terminated because you filed a claim, Mr. Moorer? What facts do you have that support that claim?
“Mr. Moorer: I’m through.
“The Court: Is there something that—
“Mr. Moorer: I’m through. I’m not going to say anything else. I’m through. I don’t have anything else to say. Just whatever your ruling is is all right.
“The Court: I’m giving you every opportunity to—
“Mr. Moorer: I don’t want to say anything.
“The Court: All right, sir.
“Mr. Moorer: I don’t want to say nothing else.”
After reviewing the record, we find it clear that Moorer failed to present substantial evidence in support of his retaliatory discharge claim. Therefore, the trial court properly entered the summary judgment in favor of the City.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.