CRAWLEY, Judge.
In June 1995, Billie Jean Watley and John S. Watley sued Transamerica Financial Services, Inc., and several fictitiously named defendants, alleging, among other things, that Transamerica had violated Ala.Code 1975, § 5-19-4(g), a provision of the Mini-Code. They requested compensatory and punitive damages. Transamerica filed a motion for summary judgment, arguing that its loan to the Watleys is not subject to the Mini-Code and that, even if the loan is subject to the Mini-Code, it did not violate the section. The trial court entered a summary judgment for Transamerica, ruling that it did not violate the section. The trial court pretermitted discussion of the applicability of the Mini-Code. The Watleys appealed to the supreme court, which transferred the case to this court pursuant to Ala.Code 1975, § 12-2-7(6).
A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala.R.Civ.P. See West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989), and Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989), for a discussion of the application of this rule.
Transamerica lent the Watleys $41,-061.05; the loan was secured by an interest in real property. The loan amount included $2,053.05 in “points.” Transamerica contends that Ala.Code 1975, § 8-8-5, exclusively governs the amount of points it can charge' on this loan. The Watleys contend that Ala. Code 1975, § 5-19-4(g), exclusively governs the amount of points Transamerica can charge on this loan.
Section 8-8-5 states in pertinent part:
“(a) Any person or persons ... may agree to pay such rates of interest for the *890 loan or forbearance of money and for any credit sales as such person ... may determine, notwithstanding any law of this state otherwise prescribing or limiting such rate or rates of interest; provided, that the original principal balance of the loan or forbearance of money or credit sales is not less than $2,000; provided further, that all laws relating to unconscionability in consumer transactions including but not limited to the provisions of ... the Mini-Code, shall apply to transactions covered by this section.
[[Image here]]
“(e).... The term ‘interest ’ as used herein shall include all direct or indirect charges imposed as an incident to a loan, forbearance of money, or credit sales.”
(Emphasis added.) We agree with Trans-america that § 8-8-5 governs this case. This court has stated:
“There are two statutory schemes governing the charges creditors can require of borrowers: the Mini-Code and the interest and usury statutes codified at § 8-8-1 et seq., Ala.Code 1975. The provisions of the Mini-Code and the usury statutes ‘are cumulative to, and not in derogation of, rights under’ each statutory scheme. Ala. Acts 1988, Act No. 88-87, § 2; § 8-8-5(e), Ala.Code 1975. Section 8-8-5 of the usury statutes applies to credit transactions of $2,000 or more that involve individuals, corporations, trusts, partnerships, or associations.”
Cantrell v. Walker Builders, Inc., 678 So.2d 169, 173 (Ala.Civ.App.1996). Therefore, because the loan in this case was greater than $2,000, the Mini-Code provisions relating to the points charged on this loan do not apply; rather, § 8-8-5 applies. The trial court correctly entered the summary judgment for Transamerica.
AFFIRMED.
YATES and THOMPSON, JJ., concur.
MONROE, J., concurs in the result only.
ROBERTSON, P.J., dissents.