RICHARD L. HOLMES, Retired Appellate Judge.
William C. Bates (employee) filed a complaint, seeking workers’ compensation benefits for an injury which he sustained on June 30, 1994, while in the course of his employment with Randolph and Randolph Company, d/b/a Randolph and Randolph Logging (employer). Jeff Randolph testified at trial that he was one of the co-owners of Randolph and Randolph Logging.
After a hearing the trial court issued an order, finding that the employee had sustained a 15% loss of ability to earn. The trial court awarded benefits for a period of 292 weeks (past-due benefits for 111 weeks at $38.53 per week and future benefits for 181 weeks at $32.75 per week).
The employer appeals. On appeal the employer contends that the trial court’s finding that the employee sustained a 15% loss of ability to earn is not supported by substantial evidence. See Ex parte Trinity Industries, Inc., 680 So.2d 262 (Ala.1996); Ala.Code 1975, § 25-5-81(e)(2).
In Ex parte Northam, 689 So.2d 854, 856 (Ala.1996), our supreme court stated the following: “Substantial evidence is ‘evidence of such weight and quality that fair-minded per *1217 sons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989); Trinity Industries, [680 So.2d] at 268.”
Our review of the record reveals the following pertinent facts: The employee was a knuckle boom operator who had worked for the employer for 13 to 14 years. The employee testified that he usually worked between 49 and 60 hours per week. It was undisputed that the employee “could do his job well” prior to the June 1994 accident.
In January 1994 the employee injured his back while operating the knuckle boom. He testified that while he was picking up a log with the knuckle boom, the machine threw him forward and he injured his back.' The employee received treatment at the emergency room and was referred for physical therapy. After one week he was able to return to work to operate the knuckle boom.
The employee testified that on June 30, 1994, while measuring a log, he slipped and injured his back. The parties stipulated at trial that the employee received eight weeks of temporary total disability benefits from the time of the accident until his return to light-duty work on August 31,1994.
Initially, the employee received treatment at the emergency room and was referred for physical therapy. Thereafter, when he continued to experience problems, the employee saw a Dr. Fernandez, who administered two epidural nerve blocks — one on August 18, 1994, and one on October 4, 1994. As previously noted, on August 31,1994, Dr. Fernandez returned the employee to light-duty work.
The employee testified that when he returned to work in August 1994, he was, once again, operating the knuckle boom. He stated that he attempted to work for a week or two, but was unable to do the work because he was in so much pain.
Thereafter, the employee sought treatment from a Dr. Boston, who administered three additional blocks and prescribed pain medication. The employee testified that Dr. Boston referred him to a Dr. Barnett, who was some type of therapy specialist, but the workers’ compensation carrier would not approve treatment, and he was unable to see Dr. Barnett.
The employee testified that he continues to experience problems with his lower back. He also testified that sometimes the pain radiates down his left side or up to the back of his neck.
The employee stated that the injury to his back has affected his ability to sleep and that he is no longer able to stand or sit for long periods of time. He also testified that he can no longer crawl under cars to work on them like he did before the accident and that because he cannot climb like he did before the accident, he can no longer do carpentry work.
The record contains no evidence indicating an impairment rating from the doctors who treated the employee. Further, the vocational rehabilitation consultant retained by the employer testified that.she would not assign any vocational disability to the employee. We would note that our supreme court stated the following in Ex parte Northam, 689 So.2d at 857:
“However, while medical testimony as to an employee’s degree of impairment is probative, as is the testimony of a vocational expert, it is well settled that neither is required in order for the trial court to determine an employee’s degree of impairment. Thus, the lack of such testimony in this case does not conclusively mean that the trial court erred in assigning Northam a 60% permanent partial disability.”
(Citations omitted.)
Additionally, we would note that Justice Cook stated the following in his special concurrence in Ex parte Northam, 689 So.2d at 857-58:
“This Court is required by the rules of appellate review to determine whether substantial evidence exists to support the findings of the trial court, not whether the plaintiff satisfied his burden of proof. We must answer that question based on the evidence presented at trial.”
“The trial court is free to evaluate all of the evidence, either with or without physicians’ impairment ratings, to determine *1218 whether an employee has had a loss of earning ability or has incurred a vocational disability.”
In the present case the employee testified that he quit school in the seventh grade. All of his past work experience involved manual labor — carpentry work, foundry work, welding, as well as operating a knuckle boom. The vocational rehabilitation consultant who testified for the employer stated that she administered a reading screening test to the employee and that he was functionally illiterate.
The employee testified that he always has some back pain and that if he takes his pain medication, he falls asleep, and then the pain begins again when he wakes up.
The trial court stated the following in its order:
“The [employee] testified that he has been in continuous pain since the injury and is not able to perform at the same level he was prior. Based on the [employee’s] long work history, it appears that he would not intentionally malinger. Based on the evidence presented, and on the court’s opportunity to see, hear, and observe the [employee], the court finds that he suffers' from a 15% loss of ability to earn.”
In light of the foregoing, we find that there was substantial evidence to support the trial court’s finding that the employee had suffered a 15% loss of ability to earn. Consequently, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
All the judges concur.