CRAWLEY, Judge.
In January 1996, Jeanne Cosby and Larry Cosby sued Cash Pawn Shop, Inc., alleging, among other things, fraudulent misrepresentation and violations of Ala.Code 1975, § 5-19A-1 et seq., the Alabama Pawnshop Act. The trial court entered a summary judgment for Cash Pawn; the Cosbys appealed to the *176 Supreme Court, which transferred the case to this court, pursuant to Ala.Code 1975, § 12-2-7(6). A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. See West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989), and Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989), for a discussion of the application of the substantial evidence rule.
Jeanne Cosby entered into a pawn transaction with Cash Pawn for six items of jewelry. The transaction required that Cosby pay certain pawn charges by the 30th day (the maturity date) after entering the transaction. If Cosby failed to pay the charges, then the items would be forfeited. Cosby did fail to pay the charges within the 30 days, but Cash Pawn did not require forfeiture of the items and, instead, allowed Cosby to make a new transaction to pawn the same items again. This arrangement was repeated for two additional 30-day periods. These additional transactions contained the same terms as the original transaction.
The Cosbys argue that Cash Pawn violated § 5-19A-2(3), which requires that pawned items “may be redeemed or repurchased by the seller for a fixed price within a fixed period of time.” The Cosbys contend that Cash Pawn, by allowing Ms. Cosby to enter into a new pawn transaction that provided a new maturity date upon her non-redemption, was not providing a “fixed period of time” for the transaction. The Cosbys also argue that Cash Pawn’s failure to inform Ms. Cosby that the new transactions violated the Act amounts to a fraudulent misrepresentation. We disagree.
Each time Ms. Cosby failed to redeem the items, she and Cash Pawn entered into a new pawn transaction (requiring a payment of a certain fee), which provided for a 30-day maturity date. The 30-day period is a “fixed period of time” as required by the Act. Furthermore, the Act does not prohibit the entering of a new pawn transaction in lieu of forfeiture upon the failure of Ms. Cosby (the pledgor) to redeem. See § 5-19A-8. Therefore, the trial court properly entered the summary judgment on the claims that Cash Pawn had violated the Act and that the violation amounted to a fraudulent misrepresentation.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.