MONROE, Judge.
The Cadle Company, holder of five promissory notes, sued several parties in connection with the notes, including Charles A. Snyder, who had executed the notes and served as guarantor of several of them, and Luther S. Pate IV and Trans-American Equipment Company, Inc., who allegedly possessed equipment that served as security for certain notes.
The trial court entered a summary judgment in favor of Cadle and against Snyder. Snyder appealed from the summary judgment, challenging the amount of damages *460 awarded. He does not challenge his liability under the notes. The trial court also entered a summary judgment in favor of Pate and TransAmerican on Cadle’s claim to recover the equipment it said Pate and TransAmerican had in their possession and to recover damages for the use of that equipment. Cadle appealed from that summary judgment. Both Snyder and Ca-dle appealed to the Alabama Supreme Court, which deflected the cases to this court pursuant to § 12-2-7(6), Ala.Code 1975.
A motion for summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Crowne Investments, Inc. v. Bryant, 638 So.2d 873 (Ala.1994). The burden is on the moving party to show that there is no material fact in dispute; the evidence is to be viewed in the light most favorable to the nonmovant, and all reasonable inferences are to be drawn in that party’s favor. Id.
Rule 56 is read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala.Code 1975. See Bass v. SowthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). To defeat a defendant’s properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The evidence tended to show the following: Snyder and Conrad Wesselhoeft established Swaland, Inc., to purchase heavy equipment to lease to other companies with which they were involved as shareholders and officers. During 1984 and 1985, Swaland executed five sets of promissory notes to First State Bank of At-more; the money advanced from the first note of each set was used to purchase equipment, which was pledged as security for the notes. Each time it bought equipment, Swaland then leased the equipment to various lessees. The leases were then assigned to First State Bank as additional security for the promissory notes.
In 1987, First State Bank was closed by the Federal Deposit Insurance Corporation (FDIC); it reopened under a federal receivership. The FDIC assigned all of its rights, title, and interest in the notes and guaranty agreements to The Cadle Company.
Also in 1987, Swaland filed a Chapter 11 bankruptcy petition. It is undisputed that the debt incurred by Swaland and guaranteed by Snyder has not been paid. In its judgment, the trial court ordered Snyder to pay The Cadle Company $258,903.33, which includes principal and interest on the debt, plus attorney fees.
In his appeal, Snyder claims that the summary judgment is improper because, he says, the amount of debt owed is in dispute. Specifically, Snyder contends that “because of the assignment of the equipment leases to First State Bank, and the ‘surrender’ of Swaland’s rights to FDIC through [the bankruptcy order], FDIC and Cadle became the ‘owners’ of the equipment [serving as security for the notes], entitled to lease payments.” Therefore, he says, he should be entitled to a credit for the value of the “stream of payments from the equipment leases had the FDIC and Cadle exercised their rights under the leases.”
Snyder does not cite any authority in support of his contentions, nor does he provide this court with the facts that would support his conclusions. Therefore, the summary judgment in favor of The Cadle Company and against Snyder in case 2971259 is due to be affirmed.
The Cadle Company appeals from the trial court’s summary judgment denying its request to recover certain equipment from Pate and TransAmerican and denying its claim for damages for wrongful *461 use or detention of the property. Cadle first argues that the trial court erred in making the summary judgment final pursuant to Rule 54(b), Ala. R. Civ. P.
The record shows that this court remanded Snyder’s appeal to the circuit court to allow the court to enter a Rule 54(b), Ala. R. Civ. P., certification and an order in compliance with Brown v. Whitaker Contracting Corp., 681 So.2d 226 (Ala.Civ.App.1996). In its order on remand, the circuit court stated that there was “no just reason for delay as regards the Snyder appeal.” (Emphasis added.)
When Cadle appealed the partial summary judgment in favor of Pate and Trans-American, Pate and TransAmerican asked that the trial court certify the judgment as final pursuant to Rule 54(b). The trial court granted their request; however, the record shows that the court did not enter an order in compliance with Brown v. Whitaker Contracting Corp. as to Cadle’s appeal. For that reason, we remand case 2980214, which is Cadle’s appeal of the partial summary judgment in favor of Pate and TransAmerican, for the trial court to enter an order in compliance with Brown. Id.
2971259 — AFFIRMED.
2980214 — REMANDED WITH INSTRUCTIONS. *
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ„ concur.

 Note from the reporter of decisions: The Court of Civil Appeals’ docket sheet indicates that that court, on May 4, 1999, "received trial court's order dated April 30, 1999, pursuant to remand.” On May 28, 1999, the Court of Civil Appeals affirmed the judgment in case no. 2980214, without opinion.