JOHNSTONE, Justice
(concurring in the result, but dissenting from the rationale).
Although I concurred in the opinion released October 29, 1999, I realize upon rehearing that I should have dissented from the rationale and concurred only in the result. Accordingly, on rehearing, I dissent from the rationale but concur in the result.
The “Group Insurance Proof of Death” document made and executed by Rosina J. Shack, acting in her capacity as the administrator of the group for the defendant Jefferson County, does constitute substantial evidence in support of the plaintiffs claim against the county. Specifically, the Group Insurance Proof of Death constitutes substantial evidence that the insurance policy in question was “in force at date of death,” as certified by Ms. Shack in the document, and therefore that all prerequisites for the insurance to be in force at the date of death, such as payment of the premiums, had been fulfilled.
Section 12 — 21—12(d), Ala. Code 1975, provides:
“Substantial evidence shall mean evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to be proven.”
The case of West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989), explains this definition as follows:
“Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.”
The Group Insurance Proof of Death document meets these definitions. The administrator’s testimony repudiating the accuracy of the document she herself made and certified does not nullify the standing of the document as substantial evidence, but, rather, merely creates an issue of fact. Thus the trial court properly submitted the plaintiffs claim to the jury.
The reason the main opinion is correct in its result if not its rationale is that the administrator’s testimony on this issue of fact so overwhelmed the plaintiffs evidence, which consisted solely of this document on this particular issue, that the jury verdict in favor of the plaintiff was against the great weight of the evidence. Thus the defendant Jefferson County is entitled to relief from the verdict rendered and judgment entered in favor of the plaintiff.