HOOPER, Chief Justice
(dissenting).
Roy Lee Richardson sued Liberty National Life Insurance Company and its agent Doug Watkins, alleging fraud and suppression in the sale of a $2,500 life insurance policy. Richardson bought this policy from Watkins. It insured the life of LeRoy Richardson, the father of Roy Lee Richardson. Before Watkins sold this policy, he had dealt with Roy Lee and his father on several occasions. The record indicates that Watkins had sold them at least seven other policies. Watkins visited LeRoy Richardson on a monthly basis to collect the premiums. In August 1994, Roy Lee inquired about purchasing additional insurance to supplement the $4,000 burial policy his father already had. Watkins told him that he could sell Roy Lee a “Modified Benefit Limited Payment” policy right then, with a $2,500 death benefit. Roy Lee claims that Watkins stated that LeRoy “would be covered right then.”
Roy Lee and LeRoy filled out the policy application for “modified benefit limited payment” life insurance. The policy was hand-delivered in September, 1994, by Watkins. The front of the policy contained the following wording:
“REDUCED DURING FIRST 3 POLICY YEARS. DURING THIS TIME THE DEATH BENEFIT IS EQUAL TO THE PREMIUMS PAID INCREASED BY 10% PER YEAR.”
A letter explaining the policy and how the payment was calculated over the first three years was also sent in September. Roy Lee testified that he did not read the policy or the letter. He further testified that once he read both the policy and the letter he understood exactly why the benefits were limited.
On June 29, 1995, LeRoy Richardson died. Roy Lee notified Liberty National, and he received a claim form. Roy Lee was supposed to take the form to the funeral home and get proof of death. Liberty National told Roy Lee that because his father had died during the first three years of the policy he would receive only a refund of the premiums plus 10%. After that, Roy Lee never filed the claim.
*580 However, Roy Lee sued Liberty National and Watkins, elaiming fraud and fraudulent suppression. The defendants moved for a summary judgment on August 6, 1997, claiming that the representation that LeRoy Richardson “would be covered right then” was true and that even if the representation had been false, Roy Lee could not have justifiably relied upon it. On October 21, 1997, the trial court entered a summary judgment for the defendants. Roy Lee appealed. The Court of Civil Appeals affirmed the trial court’s judgment on April 3, 1998. Roy Lee applied for a rehearing and, a year later, the Court of Civil Appeals withdrew the original opinion and reversed the summary judgment as it related to the fraud claim.
I would grant certiorari review to explore the issues presented and to review the record. In addition, I have two areas of concern with this particular case. First, although Roy Lee Richardson ostensibly did not receive a copy of the policy itself, he was on notice that his father was eligible only for a modified-benefits policy. The application itself states that if the applicant answers “yes” to certain questions, then only a modified-benefits policy will be issued. This particular provision is printed in bold lettering. Richardson is not limited in capacity, as the plaintiffs were in Liberty National Life Insurance Co. v. Sherrill, 551 So.2d 272 (Ala.1989). From a first look, it appears as if Richardson closed his eyes and could not have justifiably relied upon the statements he says the agent made.
Second, it is very disturbing that the two judges joining the Court of Civil Appeals’ per curiam opinion state, in regard to a sufficiency-of-the-evidence question, that it “makes no difference” that the case that opinion relied on, Liberty National Life Insurance Co. v. Sherrill, was governed by the “scintilla-of-evidenee rule” and this present case must be governed by the “substantial-evidence rule.” See Richardson v. Liberty Nat’l Life Insurance Co., 750 So.2d 575, 578 (Ala.Civ.App.1999) (on rehearing) (last paragraph of section entitled “Fraudulent Misrepresentation”). This is clearly a misstatement. To qualify as “substantial evidence,” the testimony or other evidence must be “of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The Court of Civil Appeals’ per curiam opinion quotes Ex parte Gradford, 699 So.2d 149 (Ala.1997). In that case, we considered the appropriateness of instructing a jury on “substantial evidence.” We explained that the word “substantial” could mean many different things and that the jury would be unable to understand the legal meaning of the term. Our statement that, when it is compared with the term “scintilla,” “the term ['substantial’] requires only that the evidence be material, of some substance,” 699 So.2d at 152, was dictum. It is not the guide by which we determine if a party has met the burden of presenting substantial evidence. The Court of Civil Appeals’ statement that Richardson’s testimony was “of some substance,” 750 So.2d at 578, is not an accurate application of the law. Not only must Richardson’s testimony be of “some substance,” that substance must be “of such quality and weight that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West, 547 So.2d at 871.
Roy Lee Richardson testified that he could read and write; he testified that he chose not to read the policy or the letter sent to his father. In the per curiam opinion on application for rehearing, two judges correctly stated the “substantial-evidence rule,” quoting from West, see 750 So.2d at 578, but then later in that opinion changed the definition of “substantial evidence” to “testimony ... ‘of some substance,’ ” 750 So.2d at 578. With that new *581 definition, they determined that this case was just like Liberty National Life Insurance Co. v. Sherrill, 551 So.2d 272 (Ala.1989). In Sherrill, this Court held that under somewhat similar circumstances the plaintiff had produced the scintilla of evidence required to create a jury question. I must note that in Sherrill evidence indicated that the plaintiff and her husband were less capable than Roy Lee Richardson. Ms. Sherrill had only a seventh-grade education, although she could read. Mr. Sherrill was infirm. There was a scintilla of evidence to suggest that the Sher-rills could have justifiably relied upon the oral misrepresentation. In this case, the evidence indicates that Roy Lee Richardson is educated, that the statement is not technically false, that LeRoy Richardson was covered from the moment the application was completed, and that the application itself stated that it was for a modified-benefits policy. Although they are somewhat similar, the two cases are not the same, and even if they were, Sherrill tells us only that the evidence presented in that case was sufficient to constitute the required “scintilla.” There is no indication that that evidence was sufficient to be taken as “substantial evidence.”
I would grant the petition for the writ. Therefore, I respectfully dissent.