Clement Contracting Group, Inc., appeals the trial court's summary judgment in favor of Coating Systems, L.L.C., and Mark Underwood. We affirm.
 Facts and Procedural History
Clement, an Alabama corporation, is a general contractor. Coating Systems, an Alabama limited liability company, is a painting subcontractor. According to Coating Systems' articles of organization, Underwood is the sole member and the manager of the company. The Alabama Limited Liability Company Act, § 10-12-1 et seq., Ala. Code 1975 ("the LLC Act"), defines a "member" as "[a] person reflected in the required records of a limited liability company as the owner of some governance rights of a membership interest in the limited liability company," § 10-12-2(j); it defines a "manager" as "[a] person or persons designated by the membership of a limited liability company to manage the limited liability company as provided in the articles of organization," §10-12-2(i).
In February 2000, Clement and Coating Systems entered into a contract pursuant to which Coating Systems would be responsible for painting a building Clement was constructing. Underwood signed the contract with Clement, writing the word "member" under his signature. A dispute arose concerning the work performed by Coating Systems and the amount of payment due under the contract, and Clement initiated arbitration proceedings against Coating Systems and Underwood pursuant to an arbitration clause in the contract. Clement sought to have Coating Systems and Underwood held liable for breach of the contract. Coating Systems and Underwood then filed a complaint for a judgment declaring the parties' rights under the arbitration provision in the contract and an ex parte motion to stay the arbitration proceedings while the declaratory-judgment action was pending. They also asked the trial court to find that Underwood "is not personally liable and individually subject to the arbitration clause of said [contract] and that the dispute and arbitration is between Clement and Coating Systems." The trial court issued an order granting Coating Systems and Underwood's motion to stay the arbitration proceedings pending a resolution of the declaratory-judgment action.
Clement then filed a motion to compel arbitration, a motion to dissolve the stay, and a motion for a summary judgment in the declaratory-judgment action. In response to Clement's motions, Coating Systems and Underwood filed a motion for a summary judgment. Clement filed a response and a brief in opposition to Coating Systems and Underwood's motion for a summary judgment. After a hearing on the motions, the trial court denied Clement's motions for a summary judgment and to compel arbitration. The trial court also entered a summary judgment in favor of Coating Systems and Underwood, concluding that "Underwood is not subject to arbitration in his individual capacity." The trial court further stated that "arbitration may proceed between [Clement] and [Coating Systems]." Clement appealed.
 Standard of Review
The principles of law applicable to the granting of a summary-judgment motion are well-settled. To grant a summary-judgment motion, the judge must determine that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. When the movant makes a prima facie showing as to those two conditions, the burden then shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact.Bass v. SouthTrust Bank of Baldwin *Page 973 County, 538 So.2d 794, 797-98 (Ala. 1989). Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved."West v. Founders Life Assurance Co. of Florida, 547 So.2d 870,871 (Ala. 1989).
In reviewing a summary judgment, we apply the same standard as did the trial court. Ex parte Lumpkin, 702 So.2d 462, 465 (Ala. 1997). Our review is subject to the caveat that we must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v.Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala. 1990).
 Analysis
Clement raises three arguments on appeal. The only issue properly before this Court, however, is whether the trial court correctly determined that Underwood is not subject to the arbitration agreement in his individual capacity. In their declaratory-judgment action, Coating Systems and Underwood requested that the trial court "determine that Mark Underwood is not personally and individually subject to the arbitration clause of said [contract] and that the dispute and arbitration is between Clement and Coating Systems, LLC."
The arbitration agreement is included in the contract between Clement and Coating Systems. It provides:
 "14.1 AGREEMENT TO ARBITRATE. All claims, disputes and matters in question arising out of, or relating to, this Agreement or the breach thereof, except for claims which have been waived by the making or acceptance of final payment, and the claims described in Paragraph 14.2, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in effect unless the parties mutually agree otherwise. Notwithstanding other provisions in the Agreement, this agreement to arbitrate shall be governed by the Federal Arbitration Act.
 "14.2 EXCEPTIONS. The agreement to arbitrate shall not apply to any claim:
 "(a) of contribution or indemnity asserted by one party to this Agreement against the other party and arising out of an action brought in a state or federal court or in arbitration by a person who is under no obligation to arbitrate the subject matter of such action with either of the parties hereto or does not consent to such arbitration; or
 "(b) asserted by the Subcontractor against the Contractor if the Contractor asserts said claim, either in whole or part against the Owner, or asserted by the Owner against the Contractor, when the contract between the Contractor and Owner does not provide for binding arbitration, or does so provide but the two arbitration proceedings are not consolidated, or the Contractor and Owner have not subsequently agreed to arbitrate said claim. In either case the parties hereto shall notify each other before or after demand for arbitration is made.
 "In any dispute arising over the application of this Paragraph 14.2, the question of arbitrability shall be decided by the appropriate court and not by arbitration."
Neither the contract nor the arbitration agreement provides that Underwood in his individual capacity is subject to the terms and provisions therein. Underwood *Page 974 
signed the contract as the agent of Coating Systems. His signature appears beneath a line on which is typed "Coating Systems, LLC" and underneath which is typed "Subcontractor." Underwood signed his name on the next line, on which is typed "By:" and underneath which is typed the word "Title." The word "member" is handwritten on a blank line beneath Underwood's signature.
Clement argues that because Underwood signed the contract as a "member" rather than as the "manager" of Coating Systems he can be held personally liable pursuant to § 10-12-21(b). That section states, in pertinent part:
 "(b) If the articles of organization provide that management of the limited liability company is vested in a manager or managers, both of the following conditions apply:
 "(1) No member, acting solely in the capacity as member, is an agent for the limited liability company.
 "(2) Every manager is an agent of the limited liability company for the purpose of its business or affairs, and the act of any manager, including, but not limited to, the execution in the name of the limited liability company of any instrument, for apparently carrying on in the usual way the business or affairs of the limited liability company binds the limited liability company, unless the manager so acting has, in fact, no authority to act for the limited liability company in the particular matter and the person with whom the manager is dealing has knowledge of the fact that the manager has no such authority."[1]
Because the articles of organization for Coating Systems provide that the company's management is "vested in its Managers," Underwood should have signed the contract in his capacity as manager rather than in his capacity as member. Nevertheless, because Underwood is both the sole member and the manager of Coating Systems, he clearly is the only person with the authority to bind the company and was the only agent with the authority to execute the contract with Clement. In no event did he execute the contract in his individual capacity — he obviously did so as an agent of Coating Systems.
The LLC Act does not envision that either a member or a manager of a limited liability company would be liable in an individual capacity for the actions of the limited liability company. Section 10-12-18 states that "[n]either a member nor a manager of a limited liability company is a proper party to proceedings by or against a limited liability company, except where the object is to enforce a member's or manager's rights against or liability to the limited liability company." Furthermore, in discussing the liability of members to third parties, § 10-12-20 provides:
 "(a) Except as otherwise provided in this chapter, a member of a limited liability company is not liable under a judgment, decree, or order of a court, or in any other manner, for a debt, obligation, or liability of the limited liability company, whether arising in contract, tort, or otherwise, or for the acts or omissions of any other member, manager, agent, or employee of the limited liability company.
 "(b) A member may be liable to creditors of the limited liability company for *Page 975 
a written agreement to make a contribution to the limited liability company.
 "(c) A member of a limited liability company may become liable by reason of the member's own acts or conduct."
The mere act of signing the contract on behalf of Coating Systems in his capacity as a member did not make Underwood a signatory to the contract in his individual capacity.
The issue before us, then, is whether Underwood, as a nonsignatory to the contract containing the arbitration agreement, is subject individually to the arbitration agreement. We have previously addressed this issue in Ex parte Tony'sTowing, Inc., 825 So.2d 96 (Ala. 2002). In that case, we examined whether Tony's, a defendant in the underlying tort action and a nonsignatory to the applicable arbitration agreement, could be compelled to arbitrate a claim asserted by a signatory. The codefendants had moved to compel arbitration. The plaintiff signatory joined with the codefendants in opposing Tony's effort to avoid arbitration. We held that a nonsignatory could not be compelled, under the doctrine of equitable estoppel, to arbitrate claims brought against it by the signatory.
We recognized in Tony's Towing that, within the context of the doctrine of intertwining, the "the doctrine of estoppel operates to prevent a signatory to an arbitration agreement from frustrating arbitration of a related claim against a nonsignatorywhere the nonsignatory seeks arbitration." 825 So.2d at 98. We noted, however, that such a scenario was distinctly different from that faced by Tony's, where a signatory to the arbitration agreement sought to compel arbitration over the objection of a nonsignatory. We emphasized that Tony's had not signed the arbitration agreement, stating that "Tony's, as a nonsignatory, has never agreed to arbitrate anything and, therefore, it is not estopped from avoiding arbitration." 825 So.2d at 98. We also recognized that Tony's right to proceed in a judicial forum would be defeated if it was forced to arbitrate despite its objections.825 So.2d at 99.
As previously stated, Underwood merely signed the contract between Clement and Coating Systems as a member of Coating Systems. In his individual capacity he is a nonsignatory to the arbitration agreement, and he did not agree to be subject to the arbitration agreement between Clement and Coating Systems. Based on our decision in Tony's Towing, we hold that the trial court did not err in entering a summary judgment for Coating Systems and Underwood and in determining that Underwood is not individually subject to the arbitration agreement.
We note that the request for relief in Coating Systems and Underwood's complaint for a declaratory judgment was that the trial court "determine that Mark Underwood is not personally and individually subject to the arbitration clause of said subcontract and that the dispute and arbitration is between Clement and Coating Systems, LLC." The relief granted by the trial court's order did not extend beyond the relief requested by Coating Systems and Underwood. Whether Underwood may be held individually liable in subsequent judicial proceedings is not before us at this time.
 Conclusion
We hold that Underwood is not subject individually to the arbitration agreement between Clement and Coating Systems. The trial court's summary judgment is affirmed.
AFFIRMED. *Page 976 
HOUSTON, SEE, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
[1] There are two versions of § 10-12-21 in the Code. The two versions have different applicability dates and a limited liability company could elect to be governed by one over the other. We need not decide, however, which is applicable here because subsection (b) is identical in both versions.