PARKER, Justice.
AFFIRMED. NO OPINION.
See Rule 53(a)(1) and (a)(2)(E), Ala. R. App. P.
Bolin, J., concurs.
Shaw and Mendheim, JJ., concur specially.
Stuart, C.J., and Bryan and Sellers, JJ., dissent.
Main and Wise, JJ., recuse themselves.
SHAW, Justice (concurring specially).
I concur to affirm the summary judgment in this case that, for purposes of this writing, essentially held that the underlying action was untimely filed. The background of this case is provided in Justice Sellers's dissenting opinion, and I see no need to repeat it here.
The dispositive issue[1] to me is whether the defendant, Main and Associates, Inc., d/b/a Southern Springs Healthcare Facility ("Main and Associates"),[2] was properly and timely served with process. The chief executive officer and part owner of Main and Associates is also a part owner of Main Drug Store, a pharmacy. It appears from the record that these are two distinct businesses that are not affiliated and do not operate as alter egos and that they are both located in Union Springs.
*271 Barbara Lane, as administrator of the estate of Ora Sullins, deceased, attempted to commence a wrongful-death action against Main and Associates but apparently served the complaint on another business. When she discovered Main and Associates' identity, she attempted service of process by a certified letter addressed and mailed to Main and Associates' registered agent at Main and Associates' street address. For some inexplicable reason, the letter was not delivered to that address but was instead placed in Main Drug Store's post-office box. That letter was received and signed for by Dorothy Surles, an employee of Main Drug Store.
Surles received the letter after the statute of limitations for Lane's wrongful-death action had expired, but it is alleged that she received it within the 120-day period provided in Rule 15(c)(3), Ala. R. Civ. P. Main and Associates apparently received the letter from the drug store after the 120-day period had expired. For Lane's action to be considered timely, Lane was required to show that Surles's receipt of the letter imputed service to Main and Associates. The pertinent legal issue is whether Surles was an "agent" for Main and Associates as contemplated by Rule 4(i)(2)(C), Ala. R. Civ. P. That rule states:
"Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt. Within the meaning of this subdivision, 'agent' means a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee."
(Emphasis added.)
According to the testimony in the record, Surles was an 18-year employee of Main Drug Store. She routinely picked up mail from the drug store's post-office box, but she was not the only employee who did so. Occasionally certified mail is in the box and she signs for it. She then takes the mail back to the drug store and leaves it with the pharmacist. She has never been tasked with picking up mail for Main and Associates; she does not know Main and Associates' post-office-box number and does not have a key for its post-office box. She had never been to Main and Associates' physical location. She has never been asked to pick up mail for Main and Associates, and she has never been authorized to do so. She did not recall signing for the certified letter at issue or ever before signing for Main and Associates' mail. Apparently, she had done so at least once before-in 2015 she signed for a summons in a different civil action against Main and Associates. She did not remember doing so.
In its motion for a summary judgment, Main and Associates contended that it was untimely served with process. Lane was required to present substantial evidence to defeat that motion. "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). Here, Lane was required to provide substantial evidence that Surles was, under Rule 4(i)(2)(C), "specifically authorized by" Main and Associates to receive its mail.
I do not believe that such substantial evidence was produced in this case. Here, Surles was picking up mail for the drug store at which she worked; she had not been tasked, and had never been tasked, with picking up mail for Main and Associates. At best, the two times she received mail for Main and Associates in her past *272 18 years of employment-in 2015 and in the instant case-appear inadvertent. From these two isolated incidents, in which her picking up Main and Associates' mail was not requested, authorized, or intended, I do not believe that a trier of fact could reasonably infer that Surles was "specifically authorized by" Main and Associates to pick up its mail. To hold otherwise would greatly expand the meaning of the term "agent" in Rule 4(i)(2)(C) to someone other than one who is "specifically authorized."
The result in this case is unfortunate but, for all that appears, required. Lane, by addressing the letter to Main and Associates' registered agent, did what was required by the face of the rules relating to service of process. However, an intervening act-the post office's failure to deliver the letter to the correct address-prevented timely service of process.
Mendheim, J., concurs.

Numerous arguments were presented on appeal; I will address the one Justice Sellers identifies in his dissent.

There were other defendants in this case; they are not material to this appeal.