MONROE, Judge.
Shirley Kovalehick appeals from a summary judgment entered in favor of her employer, South Baldwin Hospital. Kovalehick had sued South Baldwin Hospital claiming she was entitled to workers’ compensation benefits for a heart attack she had while at work.
A motion for summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(e), Ala.R.Civ.P.; Crowne Investments, Inc. v. Bryant, 638 So.2d 873 (Ala.1994). The burden is on the moving party to show that there is no material fact in dispute; the evidence is to be viewed in the light most favorable to the nonmovant, and all reasonable inferences are to be drawn in that party’s favor. Id.
Rule 56 is read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala. Code 1975. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). To defeat a defendant’s properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The record shows the following: Koval-chiek was a registered nurse who had worked for 18 years in the intensive care unit of South Baldwin Hospital. She had been working in the hospital’s emergency room for several months before to her heart attack. In the fall of 1993, Kovalehick worked what is referred to as the “32-40 shift,” meaning that she would work a 16-hour shift, have 8 hours off, and then work another 16-hour shift. Workweeks of the employees working the “32-40 shift” were composed of the two 16-hour periods, but they were paid as if they had worked a full 40-hour workweek.
On the morning of October 31, 1993, as Kovalehick was beginning her second 16-hour shift in the emergency room after having had only 8 hours off, she suffered a heart attack. Kovalehick contends that the heart attack was brought on by the great stress she had been under as an ICU nurse and from her work in the emergency room.
Before her heart attack, Kovalehick had been diagnosed with a heart condition known as premature ventricular contractions. She also had been diagnosed with hypertension.
“To establish causation in a workers’ compensation case where the injury is nonacci-dental, meaning that the injury was not caused by a sudden and unexpected external event, a claimant must satisfy a two-part causation test by producing substantial evidence establishing both (a) legal causation and (b) medical causation.” Ex parte Trinity Industries, Inc., 680 So.2d 262, 269 (Ala.1996)
To establish legal causation, a plaintiff must show that during the employment, he or she was “exposed to ‘danger or risk materially in excess’ of that danger to which all persons are ordinarily exposed in their everyday lives.” Id. at 266 (quoting City of Tuscaloosa v. Howard, 55 Ala.App. 701, 318 So.2d 729, 732 (Civ.1975)).
The Alabama Supreme Court has elaborated on the establishment of legal causation as follows:
“A claimant does not have to show any ‘unusual strain or overexertion’ in order to satisfy the first prong of the Howard standard. Rather, to establish ‘legal causation,’ one seeking redress under the Workers’ Compensation Act for ‘nonaeeidental’ injuries need only establish that the performance of his or her duties as an employee exposed him or her to a danger or risk materially in excess of that to which people are normally exposed in their everyday lives.”
Ex parte Trinity Industries, Inc., supra at 267.
In Trinity Industries, the court explained the claimant’s burden of establishing medical causation:
*1201 “[A] claimant ... must produce substantial evidence tending to show that the exposure to risk or danger proven in step one of the Howard test Vas in fact [a] contributing cause of the injury’ for which benefits are sought. Howard, 318 So.2d at 732. Whether the claimant has satisfied this test ... must be determined on a case-by-case basis.’ Ex parte Price, 555 So.2d 1060, 1062 (Ala.1989). We further stated in Price that a claimant need not always produce medical expert testimony as to the issue of medical causation in order to carry his burden of proof. Id. In determining whether substantial evidence was produced at trial as to medical causation, we must look to see whether evidence was produced at trial of such weight and quality that fair-minded persons in the exercise of impartial judgment could reasonably infer that the risk or danger proven to have existed was in fact a contributing cause of the injury.”
Id. at 269.
The trial court did not state the grounds on which it entered the summary judgment in favor of South Baldwin Hospital. However, in its motion for a summary judgment, South Baldwin Hospital had argued that because Kovalchick was not straining or exerting herself at the time she had the heart attack she could not establish the causation element of her workers’ compensation claim.
As set out above, the law is clear that Kovalchick does not have to show any “unusual strain or overexertion” to establish legal causation. Instead, she has only to show that in performing her duties as an emergency room nurse she was exposed to a danger or risk materially in excess of that to which people are normally exposed in their everyday lives. To prove medical causation, she must show that that risk or danger was in fact a contributing cause of the injury.
We must keep in mind that this is an appeal from a summary judgment and not an appeal from a judgment entered after a trial of the case. To defeat the defendant’s properly supported summary judgment motion, Kovalchick needed only to present evidence creating a genuine issue of material fact.
Kovalchick presented evidence that she worked as an emergency room nurse and that her weekly schedule required her to work two 16-hours shifts with only an 8-hour break in between. As a nurse in an emergency room, Kovalchick is required to make decisions that are literally a matter of life and death. A person could reasonably infer that the stress of such a job, coupled with an intense work schedule, exposed Kovalchick to more stress than the average person is exposed to in his or her everyday life and that that stress contributed to cause her heart attack.
We are not making a determination as to whether the stress of Kovalchick’s job and work schedule did in fact expose her to a risk materially in excess to that to which people are ordinarily exposed in their everyday lives; we only determine that she presented substantial evidence to create a genuine issue of material fact as to this claim. The finder of fact must determine the extent of the risk and danger to which Kovalchick was exposed after all of the evidence is presented in this ease. To draw the conclusion — as the dissent does — that her job and work schedule did not expose Kovalchick to more danger or risk, is premature at this point and it is not a proper determination to make when deciding whether to grant a summary judgment.
We also note that the dissent seems to argue that because Kovalchick chose to work the “32-40 shift” and was paid for a 40-hour work week, that somehow has a bearing on her ability to show legal causation. Neither factor is a proper consideration in determining whether her duties exposed her to more risk or danger than the average person. Furthermore, the dissent finds that Koval-ehick failed to prove medical causation. Once again, we note that the issue before this court is whether a summary judgment was properly entered in this case. At this stage of the proceeding, the plaintiff is not required to prove anything; she merely must establish a genuine issue of material fact.
In his dissenting opinion, Judge Thompson has set himself up as the trier of the facts of this case. Not only is that outside the province of this court, but in determining whether to enter a summary judgment, the trial court *1202 also is precluded from making findings of fact. Furthermore, in arguing the facts regarding Kovalehick’s previous heart-related problems, the dissent strengthens Koval-chiek’s position that the stress of her job and work schedule at least contributed to her heart attack.
Appellate courts must keep in mind that in reviewing summary judgments, we are to view the evidence in the light most favorable to the nonmovant, and we must draw all reasonable inferences in his favor. Crowne Investments, Inc. v. Bryant, 638 So.2d 873 (Ala.1994). Our task, as well as that of the trial court, is merely to determine whether the nonmoving party has presented sufficient evidence to create a genuine issue of material fact. At the summary judgment stage, we are not to weigh the nonmoving party’s evidence against that of the moving party to determine whose evidence we believe, or whether the moving party has a stronger case, or whether either party has proved his case — we only determine whether a genuine issue of material fact exists. If there is a genuine issue of material fact, then the ease proceeds, but not until the trial of the case is the plaintiff required to present evidence sufficient evidence to prove his case. And not until the trial is the trial court to make specific findings of fact based on all of the evidence.
We hold that Kovalchick presented sufficient evidence to create a genuine issue whether her job was stressful enough to cause her heart attack. That issue involves a question of fact and is not a proper subject for a summary judgment. The trial court erred in entering the summary judgment in favor of South Baldwin Hospital. That judgment is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, J., concur.
CRAWLEY and THOMPSON, JJ., dissent.