CRAWLEY, Judge.
Janie Mae Manning (the “worker”), an employee of Aliceville Cotton Mills, Inc. (the “company”), since 1973, had been employed in several different capacities at the company, including as a spinner and as a waste puller. Her most recent job title was “material handler.” In this job she moved material from a loading area to a work area with the aid of a motorized cart. In 1994, the worker began experiencing problems with her knees. After seeking medical attention from her personal physician without success, she reported her knee problems to her supervisor.
In 1996, the worker saw several doctors about her condition. Dr. Lucie King diagnosed the worker with post-traumatic arthritis; she testified that the worker’s employment was a contributing cause of her knee problems. Dr. Bony Barineau diagnosed the worker with “bowing of the knees”; he opined that the worker’s job did not cause her condition but that her job did aggravate the condition. Dr. George Hill testified that the worker suf *521 fered from degenerative arthritis and that the worker’s employment was a contributing factor to her condition. Dr. David Burandt testified that, although he could not say that the worker’s condition was caused by her employment, he could say that her job contributed to her condition.
The worker had surgery performed on her left knee, and the surgery did alleviate some of the worker’s symptoms in that knee. She has not had surgery on her right knee because that knee bothers her less than it did now that she is no longer working.
In its judgment, the trial court stated that the worker had failed to clearly and convincingly[1] prove that her knee problems were caused by her employment. However, the trial court did state that the worker had produced substantial evidence that her knee problems were aggravated by her employment. The trial court found that the worker was permanently and totally disabled and awarded benefits accordingly. The company appeals. We reverse and remand.
The review of this case is governed by the new Workers’ Compensation Act, which states in pertinent part: “In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.” Ala.Code 1975, § 25-5-81(e)(2). Therefore, this court “will view the facts in the light most favorable to the findings of the trial court.” Whitsett v. BAMSI Inc., 652 So.2d 287, 290 (Ala.Civ.App.1994), overruled on other grounds, Ex parte Trinity Industries, Inc., 680 So.2d 262, 269 (Ala.1996). Further, the trial court’s finding of fact is supported by substantial evidence if it is “supported by ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ” Ex parte Trinity Industries, 680 So.2d at 268-69 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989) and § 12-21-12(d)). Our review of legal issues is without a presumption of correctness. Ala.Code 1975, § 25-5-81(e)(1); see also Ex parte Trinity Industries, 680 So.2d at 268.
The company argues, among other things, that the worker failed to prove legal causation. Our supreme court has reiterated and reaffirmed the long-standing test for legal causation in “nonacci-dental” injury cases: “the injured employee ha[s] to show that ‘the performance of the duties for which he [or she] is employed ... expose[d] [him or her] to a danger or risk materially in excess of that to which people not so employed are exposed [ordinarily in their everyday lives].’ ” Ex parte Trinity Industries, Inc., 680 So.2d 262, 266 (Ala.1996) (quoting City of Tuscaloosa v. Howard, 55 Ala.App. 701, 705, 318 So.2d 729, 732 (Ala.Civ.App. 1975)). The trial court failed to consider whether the worker had produced clear and convincing evidence that she had been exposed to such risk. Therefore, the judgment of the trial court is reversed and the cause is remanded to the trial court to make a finding concerning whether the worker’s employment exposed her to “ ‘danger or risk materially in excess’ of that danger to which all persons are exposed to in their everyday lives.” See Ex parte Trinity Industries, Inc., 680 So.2d at 269 (quoting Howard, 55 Ala.App. at 705, 318 So.2d at 732).
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, J., concurs.
MONROE, J., concurs specially.
YATES, J., concurs in the result.
ROBERTSON, P.J., concurs in the result only.

. See Ala.Code 1975, § 25-5-81(c) (stating that cases involving gradual deterioration or cumulative physical stress disorders require clear and convincing proof).