This is a workers' compensation case. This appeal concerns whether Kathy Whiteside ("the worker") was an employee of Kerns Trucking, Inc. ("the company"), at the time she was injured. Specifically, the issue is whether the company is excluded by definition from being the worker's employer under Ala. Code 1975, § 25-5-1(4).
The record indicates that at the time of her injury on May 2, 2001, the worker was operating a dump truck owned by Angie Grimes. Grimes, doing business as AG Enterprises ("AG"), had leased the truck to the company pursuant to a contract. The trial court found that the lease agreement specified that AG was to assume the responsibility for hiring; setting wages; collecting and paying federal, state, or local employee taxes; controlling hours and working conditions; handling the grievances; and supervising, training, disciplining, and firing of all drivers.
The record also indicates that Grimes, the owner of AG, became an employee and a manager of the company 11 days after the worker was hired. Additionally, the application the worker completed on February 15, 2001, to apply for her job was the company's form, on which the company was identified as the employer. Also, the company provided a manual to the worker that specified the company's policies. The worker signed a document stating that she had received a copy of the manual and that she agreed to comply with its policies and procedures. The company required drivers to attend safety meetings, which were in fact held on several occasions. Grimes, then a company employee, would inform the drivers regarding when the meetings were to occur. The worker was also told that she could be discharged by the company if she did not meet all of the company's requirements. The truck driven by the worker had the company's emblems on the sides, and the worker's personnel file was maintained by the company, not by AG. When Grimes processed the worker's injury claim, Grimes identified the worker as an employee of the company. However, from the time she was hired until her accident, the worker was paid by check from AG. The trial court found that the evidence indicated that the company was the special employer of the worker and that the worker could therefore collect workers' compensation benefits from the company.
The standard of review in a workers' compensation case was stated by our supreme court in Ex parte Trinity Industries,Inc., 680 So.2d 262 (Ala. 1996):
 "[W]e will not reverse the trial court's finding of fact if that finding is supported by substantial evidence — if that finding is supported by `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'"
680 So.2d at 268-69 (quoting West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989)). However, "[i]n reviewing the standard of proof . . . and other legal issues, review by the Court *Page 385 
of Civil Appeals shall be without a presumption of correctness." Ala. Code 1975, § 25-5-81(e)(1); see also King Power Equip., Inc.v. Robinson, 777 So.2d 723, 724-25 (Ala.Civ.App. 2000). On appeal, this case presents a question of law, and the trial court's judgment is to be reviewed without affording it a presumption of correctness.
In Alaplex Transportation, Inc. v. Rossen, 836 So.2d 901
(Ala.Civ.App. 2002), this court addressed, in a case of first impression, the proper application of Ala. Code 1975, § 25-5-1(4), to truck drivers operating under an owner-operator or leased-operator agreement with common carriers. Specifically, the statute provides, in relevant part, that an employer is:
 "Every person who employs another to perform a service for hire and pays wages directly to the person. . . . Notwithstanding the provisions of this chapter, in no event shall a common carrier by motor vehicle operating pursuant to a certificate of public convenience and necessity be deemed the `employer' of a leased-operator or owner-operator of a motor vehicle or vehicles under contract to the common carrier."
Ala. Code 1975, § 25-5-1(4) (emphasis added).
In Alaplex, the owner of a fleet of trucks, R.P. Gray, leased those trucks to the defendant company, Alaplex Transportation, Inc. Gray also hired Robert Rossen to drive those trucks. Rossen was injured in an accident while he was driving one of Gray's trucks leased to Alaplex.
In Alaplex, the trial court held that Rossen was an employee of Alaplex based upon evidence tending to show (1) that Rossen had been paid based upon the loads provided by Alaplex; (2) that Alaplex's dispatchers had instructed Rossen to pick up and deliver shipments in the same manner that those dispatchers had instructed Alaplex's own employees; (3) that Rossen was expected to contact Alaplex should he encounter problems on the road or should he need an advance for expenses; (4) that Rossen was required to comply with procedures imposed by Alaplex, its customers, and the United States Department of Transportation; (5) that Alaplex had held meetings with Rossen and other drivers; (6) that Alaplex had issued "certificates of appreciation" to Rossen in 1991 and 1996; (7) and that under federal precedents and regulations, Rossen would be classified as a "statutory" employee of Alaplex. Alaplex, 836 So.2d at 904.
After an analysis of the legislative evolution of § 25-5-1(4), and similar legislation in other states, this court unanimously reversed the trial court's judgment, noting that, "where the Legislature manifests an intent to exclude common carriers entering into lease contracts with owner-operators from the class of employers subject to liability under a workers' compensation law, that intent may not be defeated by an owner-operator's mere delegation of driving duties to another driver. . . ." Alaplex,836 So.2d at 907.
Additionally, this court held that "the Legislature has, in this limited factual context, unequivocally foreclosed consideration of other factors by stating in § 25-5-1(4) that inno event shall a common carrier be deemed the `employer' of an owner-operator or a leased operator." Id.
The facts of the case at hand are substantially similar to those of Alaplex. In both cases, the owner of the vehicle leased his or her vehicle to a common carrier operating pursuant to a certificate of public convenience and necessity. In both cases the owner of the vehicle hired a person to drive the vehicle for the common carrier pursuant to the lease agreement. *Page 386 
In both cases the driver of the leased vehicle was injured on the job while operating the vehicle.
There is an additional fact that at first blush makes the situations in the two cases seem different but, upon closer inspection, is revealed to be inconsequential to the resolution of this case. In the present case, as the worker noted, the owner of the vehicle, Grimes, became an employee of the company by the time of the worker's accident. However, Grimes's employment status is not relevant to the application of § 25-5-1(4), since the company's use of Grimes's truck was still pursuant to the lease agreement.
Based upon the foregoing facts and authorities, we conclude that the trial court's legal conclusion that the company was the worker's "employer" for purposes of determining responsibility for providing workers' compensation benefits was erroneous. We reverse the trial court's judgment and remand the cause for the trial court to enter a judgment in favor of the company on the worker's claims against it.
REVERSED AND REMANDED.
THOMPSON, PITTMAN, MURDOCK, and BRYAN, JJ., concur.