COBB, Chief Justice.
 

 Leland M. Wilson, the plaintiff below, appeals from the order of the Mobile Circuit Court dismissing this case. We affirm.
 

 Facts
 

 A separate case,
 
 Leland M. Wilson v. City of Saraland,
 
 CV-07-1332 (“the separate case”), was set for trial on November 16, 2009, in the Mobile Circuit Court. The separate case involved a dispute between Wilson and the City of Saraland regarding a drainage problem on real property owned by Wilson. The November 16 trial setting was continued so that the City of Saraland could call a meeting of the city council to review a proposed engineering plan submitted by Wilson’s engineer that, if implemented, would resolve the drainage problem and allow the separate case to be settled. Wilson’s engineer’s plan was hand delivered to the city council on November 18, 2009.
 

 On November 19, 2009, counsel for Sara-land sent the following letter to Wilson’s counsel:
 

 “I am in receipt of your correspondence regarding attending the City Council meetings next week.... [A] workshop is scheduled for November 23, 2009 and the Council meeting is scheduled for November 30, 2009. Due to the time constraints in this case, the City Council plans to call a special Council meeting on November 23rd, at which time they will go into executive session to discuss this matter. I think that your presence at the workshop meeting next week would not be a good idea and may in fact hinder any chance of settling this case. In addition, you would not be allowed to attend the executive session anyway.”
 

 Wilson did not attend the November 23 meeting of the Saraland City Council. According to the official minutes of the meeting, members of the city council Newton Cromer, Veronica Hudson, and Joe McDonald were in attendance. At the beginning of the open portion of the city-council meeting, other members of the public voiced their opposition to any plan to alleviate the drainage problem on Wilson’s property. The city council then voted to go into an executive session to discuss the drainage plan with its counsel. After the executive session concluded, the open meeting resumed. According to the official minutes, no additional business was addressed following the executive session, and the meeting adjourned. The minutes do not reflect that any vote was taken on whether to adopt the drainage plan prepared by Wilson’s engineer.
 

 
 *1192
 
 On November 24, 2009, counsel for Sara-land sent the following letter to Wilson’s counsel:
 

 “Last night I attended the specially called Saraland City Council meeting to discuss the [drainage] fix proposal. As a result of discussions during the executive session and subsequent action by the City Council, the council has concluded that it does not want to undertake an agreement concerning [Wilson’s proposed drainage plan]. As a result, I do not see where mediation tomorrow would be fruitful and it is my position that going forward with mediation would be a waste of time based upon the impasse over the ... issue. As a result I would formally declare an impasse in any immediate further settlement and mediation talks.”
 

 On December 14, 2009, Wilson filed in the Mobile Circuit Court a verified complaint against the Saraland City Council, Saraland Mayor Ken Williams, and Sara-land City Council members Joe McDonald, Newton Cromer, Sidney Butler, Howard Rubenstein, and Veronica Hudson (collectively, “the defendants”). In his complaint, Wilson alleged that, at the November 28, 2009, meeting of the Saraland City Council, the defendants violated various provisions of the Alabama Open Meetings Act, Ala.Code 1975, § 36-25A-1
 
 et seq.
 
 Wilson requested relief in the form of an injunction invalidating the action he contends was taken at the November 28, 2009, council meeting with regard the drainage proposal. In addition, Wilson requested that the trial court “impos[e] appropriate civil penalties and expenses, as set forth in the Alabama Open Meetings Act.”
 

 On January 13, 2010, the trial court held a preliminary hearing on the complaint pursuant to Ala.Code 1975, § 36-25A-9(a). During the hearing, the trial court asked Wilson’s counsel what Wilson ultimately wished to accomplish by filing the action against the defendants alleging a violation of the Open Meetings Act. Wilson’s counsel responded that “the Court can impose penalties if [it] find[s] a violation” of the Open Meetings Act and that what his client “primarily” wanted was an opportunity to present his drainage plan to the Saraland City Council. Without making any findings as to whether Wilson had carried his burden of proof at the preliminary hearing to show a violation of the Open Meetings Act, the trial court obtained the parties’ agreement that Wilson would be allowed to present his drainage plan at the next city-council meeting.
 

 On January 14, 2010, the Saraland City Council held a meeting. According to Wilson, the matter of his drainage plan was called at the January 14, 2010, meeting, but no vote was taken on whether to adopt Wilson’s drainage plan.
 

 On April 15, 2010, the trial court held a second preliminary hearing to determine, pursuant to Ala.Code 1975, § 36-25A-9(a) through (c), whether Wilson could meet the initial burden of proof to establish a violation of the Open Meetings Act and whether to set the matter for discovery and a hearing on the merits. At the April 15, 2010, preliminary hearing, the parties agreed that an open meeting of the Sara-land City Council had occurred on November 23, 2009, and that an executive session had been called during the November 23, 2009, city-council meeting. Wilson argued that the Saraland City Council violated the Open Meetings Act by excluding him from the open portion of the November 23, 2009, city-council meeting.
 

 On April 20, 2010, the trial court entered the following order:
 

 “A hearing pursuant to Ala. Code [1975,] § 36-25A-9, was held by this Court on April 15, 2010. Testimony was taken and counsel for [Wilson] and coun
 
 *1193
 
 sel for the Defendants were able to present their case. The Court has reviewed [Wilson’s] Complaint with attachments, and the Defendants’ Answer as well as the other pleadings of record in this case. In addition, the Court has taken into account the testimony provided at the hearing and the arguments from counsel. Based upon this information, the Court concludes that [Wilson] has not met his burden pursuant to Ala. Code [1975,] § 36-25A-9(b).
 

 “As a result, this matter is DISMISSED as to all of the claims raised by [Wilson].”
 

 (Capitalization in original.)
 

 On May 20, 2010, Wilson filed a motion to alter, amend, or vacate the trial court’s judgment dismissing the case. On June 18, 2010, the trial court entered an order denying Wilson’s motion to alter, amend, or vacate the judgment. On July 30, 2010, Wilson filed a notice of appeal to this Court from the trial court’s judgment.
 

 Analysis
 

 To prevail at the preliminary hearing and be permitted to proceed with the case, Wilson was required to “present substantial evidence of one or more of the following claims”:
 

 “(1) That the defendants disregarded the requirements for proper notice of the meeting pursuant to the applicable methods set forth in Section 36-25A-3.
 

 “(2) That the defendants disregarded the provisions of this chapter during a meeting, other than during an executive session.
 

 “(3) That the defendants voted to go into executive session and while in executive session the defendants discussed matters other than those subjects included in the motion to convene an executive session as required by Section 36-25A-7(b).
 

 “(4) That, other than a claim under subdivisions (1) through (3), the defendants intentionally violated other provisions of [the Open Meetings Act].”
 

 Ala. Code 1975, § 36-25A-9(b).
 
 [1]
 

 We review
 
 de novo
 
 the trial court’s determination as to whether Wilson presented substantial evidence of one or more of these claims at the preliminary hearing.
 
 Cf. Alabama Power Co. v. Aldridge,
 
 854 So.2d 554, 560 (Ala.2002) (“We apply the same standard of review to a ruling on a motion for a [judgment as a matter of law] as the trial court used in initially deciding the motion. This standard is ‘indistinguishable from the standard by which we review a summary judgment.’
 
 Hathcock v. Wood,
 
 815 So.2d 502, 506 (Ala.2001). We must decide whether there was substantial evidence, when viewed in the light most favorable to the plaintiff, to warrant a jury determination.”). “Evidence is ‘substantial’ only if it is ‘of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ”
 
 Hathcock,
 
 815 So.2d at 506 (quoting
 
 West v. Founders Life Assurance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989)).
 

 The Open Meetings Act requires that, “[e]xcept for executive sessions permitted in Section 36-25A-7(a) or as otherwise expressly provided by other federal or state statutes, all meetings of a governmental body shall be open to the public.”
 
 *1194
 
 Ala.Code 1975, § 36-25A-1. On appeal, Wilson contends that he presented substantial evidence showing that the Sara-land City Council intentionally violated this requirement of the Open Meetings Act by excluding Wilson from the public portion of the November 23, 2009, city-council meeting.
 

 The only evidence Wilson submitted at the preliminary hearing in support of his contention that he was excluded from the portion of the meeting open to the public was the November 19, 2009, letter from Saraland’s counsel to his own counsel. The parties do not dispute that the letter stated that Wilson’s attendance at the November 23, 2009, meeting “would not be good idea and may in fact hinder any chance of settling this case” and that Wilson would “not be allowed to attend the executive session” of the meeting.
 

 However, nothing in the letter indicates that Wilson would be excluded or prohibited from attending the open portion of the meeting if he so desired. Thus, the letter does not constitute evidence, much less substantial evidence, that the defendants failed to hold a meeting that was “open to the public” as required by the Open Meetings Act, Ala.Code 1975, § 36-25A-1.
 
 See
 
 Ala. Code § 36-25A-2(7), defining “open or public portion of a meeting” (“The open or public portion of a meeting is that portion which has not been closed for executive session in accordance with this chapter ... and which is conducted so that constituents of the governmental body, ... persons interested in the activities of the governmental body, and citizens of this state could, if they desired, attend and observe.”);
 
 see also
 
 Ala.Code 1975, § 36-25A-9(b) (requiring that, in an action alleging a violation of the Open Meetings Act, the plaintiff must prove by substantial evidence “[t]hat, other than a claim under subdivisions (1) through (3), the defendants intentionally violated other provisions of [the Open Meetings Act]”).
 

 On appeal, Wilson also contends that he presented substantial evidence that the defendants either deliberated or voted during the executive session of the November 23, 2009, city-council meeting, in violation of Ala.Code 1975, § 36-25A-5(b),
 
 [2]
 
 and Ala. Code 1975, § 36-25A-7(a)(3),
 
 [3]
 
 or that the defendants failed to record actions taken during the open portion of the public meeting as required by Ala.Code 1975, § 36-25A-4.
 
 [4]
 
 In support of this contention, Wilson points out that the minutes of the November 23, 2009, city-council meeting reflect no action, votes, or discussion de-
 
 *1195
 
 ing the open meeting following the executive session. However, in a letter dated November 24, 2009, Saraland’s counsel informed Wilson’s counsel that, “[a]s a result of discussions during the executive session and subsequent action by the City Council, the council has concluded that it does not want to undertake an agreement concerning [Wilson’s proposed drainage plan].”
 

 The transcript of the April 15, 2010, preliminary hearing in this case reflects that the trial court asked Wilson’s counsel several times to state precisely his contention as to how the defendants violated the Open Meetings Act. In response, Wilson did not make any argument that the defendants either deliberated or voted during the executive session or that they failed to record actions taken during the open portion of the city-council meeting. Rather, Wilson stated plainly on the record that “the only issue before [the trial court]” was his contention that he was excluded from attending the public portion of the November 23, 2009, city-council meeting. Therefore, we will not consider Wilson’s arguments on appeal that the defendants violated Ala.Code 1975, § 36-25A-5(b), § 36-25A-7(a)(3), or § 36-25A-4.
 
 See Campbell v. Alabama Power Co.,
 
 567 So.2d 1222, 1225 (Ala.1990) (“It is well settled that issues not raised in the trial court may not later be raised on appeal.”).
 

 For these reasons, the trial court correctly dismissed this action on the ground that Wilson did not meet his burden at the preliminary hearing in accordance with Ala.Code 1975, § 36-25A-9(b). We therefore affirm the judgment of the trial court.
 

 AFFIRMED.
 

 WOODALL, BOLIN, MURDOCK, and MAIN, JJ., concur.
 

 [1]
 

 . In addition, Wilson was required to establish by a
 
 preponderance
 
 of the evidence that the Saraland City Council held a meeting on November 23, 2009, and that each of the defendants attended.
 
 See
 
 Ala.Code 1975, § 36-25A-9(b). Because we affirm the dismissal of this case on other grounds, we need not address in this opinion whether Wilson met his burden of showing that all the defendants attended the November 23, 2009, city-council meeting or the standard of review applicable to this issue.
 

 [2]
 

 . “Unless otherwise permitted by this chapter or directed by provisions in the Constitution of Alabama of 1901, or other existing state law applicable to the governmental body, all votes on matters before a governmental body ... shall be made during the open or public portion of a meeting.... Unless permitted by this chapter, existing statute, or constitutional amendment, no votes shall be taken in executive sessions.” Ala.Code 1975, § 36-25A-5(b).
 

 [3]
 

 . "(a) Executive sessions are not required by this chapter, but may be held by a governmental body only for the following purposes:
 

 [[Image here]]
 

 "(3) To discuss with their attorney the legal ramifications of and legal options for pending litigation.... Notwithstanding the foregoing, if any deliberation begins among the members of the governmental body regarding what action to take relating to pending or threatened litigation based upon the advice of counsel, the executive session shall be concluded and the deliberation shall be conducted in the open portion of the meeting or the deliberation shall cease.”
 

 Ala.Code 1975, § 36-25A-7(a)(3).
 

 [4]
 

 ."A governmental body shall maintain accurate records of its meetings, excluding executive sessions, setting forth the ... action taken at each meeting.” Ala.Code 1975, § 36-25A-4.