PITTMAN, Judge.
Charles Gregory Lambert appeals from a judgment of the Limestone Circuit Court dismissing his complaint to enforce the Alabama Open Meetings Act, § 36-25A-1 et seq., Ala.Code 1975 (“the Act”). The complaint named as defendants David McPherson, Russell Johnson, Larry Kee-num, Beverly Malone, and James Lucas— five of the seven members of the Athens City Board of Education (“the Board”). We affirm.

Facts and Procedural History

After amendment, Lambert’s complaint alleged that the defendants had participated in school-board meetings via e-mail, “where decisions were made prior to voting in open meetings”; that such meetings had been held without the required public notice; that the defendants had engaged in improper deliberation about litigation strategy in executive session; and that the defendants had circumvented the Act by conferring with the attorney for the Board via cellular telephone and e-mail. The defendants denied the allegations and asserted various affirmative defenses.
The trial court held a preliminary hearing on the complaint, as required by § 36-25A-9, Ala.Code 1975. At that hearing, the trial court took no testimony; the court admitted one item of documentary evidence, heard arguments of counsel, and then took the matter under advisement. As the only evidence in support of his *32 complaint, Lambert submitted an e-mail message that, the parties stipulated, had been sent on May 21, 2010, by school-board member Larry Keenum to all other board members. The e-mail message is not contained in the record on appeal, but the parties agree that the message expressed Keenum’s disagreement with a proposed change to a Board policy concerning renewal of contracts for coaches or other employees of the Board who had supplemental contracts — a matter that had been expected to come before the Board for a decision and that was, in fact, addressed at a meeting of the Board on July 15, 2010.
Section 86-25A-l(a), Ala.Code 1975, provides:
“It is the policy of this state that the deliberative process of governmental bodies shall be open to the public during meetings as defined in Section 36-25A-2(6). Except for executive sessions permitted in Section 36-25A-7(a) or as otherwise expressly provided by other federal or state statutes, all meetings of a governmental body shall be open to the public and no meetings of a governmental body may be held without providing notice pursuant to the requirements of Section 36-25A-3. No executive sessions are required by this chapter to be held under any circumstances. Electronic communications shall not be utilized to circumvent any of the provisions of this chapter.”
(Emphasis added.)
Lambert argued that Keenum’s e-mail message itself constituted a “meeting” under the Act because, he said, when Kee-num “sends out a message to all the board members and he details in it his position on something they’re going to vote on, his position about other meetings, and other things that have taken place and how he feels about board policy that’s coming up, that constitutes a meeting.” In response, the defendants argued that Keenum’s email message was not a “meeting,” as defined in § 36-25A-2(6)a.3., because it did not involve “deliberation,” as defined in § 36-25A-2(l). Section 36-25A-2(6)a.3. defines “meeting,” in pertinent part, as
“[t]he gathering, whether or not it was prearranged, of a quorum of a governmental body or a quorum of a committee or a subcommittee of a governmental body during which the members of the governmental body deliberate specific matters that, at the time of the exchange, the participating members expect to come before the body, committee, or subcommittee at a later date.”
Section 36-25A-2(l) defines “deliberation” as
“[a]n exchange of information or ideas among a quorum of members of a governmental body intended to arrive at or influence a decision as to how the members of the governmental body should vote on a specific matter that, at the time of the exchange, the participating members expect to come before the body immediately following the discussion or at a later time.”
After hearing arguments, the trial court stated that it was inclined to believe that a single board member cannot “taint the whole board and violate the Open Meetings [Act by] firing away a letter or an email. To me, it is not an exchange of information. It is one-sided.... That’s not a meeting.”
The day after the preliminary hearing and before the trial court had ruled, Lambert filed a second amended complaint, referencing an e-mail message that had allegedly been sent to Keenum by a board member who was not a defendant in the case. Lambert alleged that he had been made aware of that message in September *33 2010. The defendants moved to disallow the amendment on the ground that it represented an improper attempt to introduce additional evidence of which Lambert had been aware in November 2010 when he filed the complaint but that he had failed to present at the preliminary hearing. The defendants further argued that the additional evidence did not indicate that a violation of the Act had occurred.
On April 11, 2011, the trial court disallowed the amendment and entered a judgment in favor of the defendants. Lambert timely appealed; his appeal was transferred by the supreme court to this court, pursuant to Ala.Code 1975, § 12-2-7(6).

Standard of Review

Section 36-25A-9(b), Ala.Code 1975, states the burden of proof that a plaintiff is required to meet at a preliminary hearing conducted pursuant to the Act. The plaintiff must “establish by a preponderance of the evidence that a meeting of [a] governmental body occurred and that each defendant attended the meeting.” Subsection (b) further requires that
“to establish a prima facie case the plaintiff must present substantial evidence of one or more of the following claims:
“(1) That the defendants disregarded the requirements for proper notice of the meeting pursuant to the applicable methods set forth in Section 36-25A-3.
“(2) That the defendants disregarded the provisions of this chapter during a meeting, other than during an executive session.
“(3) That the defendants voted to go into executive session and while in executive session the defendants discussed matters other than those subjects included in the motion to convene an executive session as required by Section 36-25A-7(b).
“(4) That, other than a claim under subdivisions (1) through (3), the defendants intentionally violated other provisions of this chapter.”
Section § 36-25A-9(c) provides, in pertinent part, that,
“[i]f the court finds that the plaintiff has met its initial burden of proof as required in subsection (b) at the preliminary hearing, the court shall establish a schedule for discovery and set the matter for a hearing on the merits.”
An appellate court reviews de novo a trial court’s determination as to whether a plaintiff presented substantial evidence of one or more claims under the Act at the preliminary hearing. Wilson v. City Council of Saraland, 72 So.3d 1190, 1193 (Ala.2011).

Discussion

I.
A single e-mail sent by one board member to the other board members, without more, does not constitute a “meeting” as defined in § 36-25A-2(6)a.3. That definition includes three elements: (1) a meeting must involve “a quorum of a governmental body or a quorum of a committee or a subcommittee of a governmental body,” (2) “during the which the members of the governmental body deliberate” (3) about “specific matters that, at the time of the exchange, the participating members expect to come before the body, committee, or subcommittee at a later date.” Keenum’s e-mail message satisfies the first and third elements, but not the second element. The “deliberation” component of a “meeting” is missing because Keenum’s e-mail message was a unilateral declaration of his ideas or opinions, not “[a]n exchange of information or ideas among” a quorum of board members concerning a specific matter that the members expected *34 to be presented to the board for a decision. § 36-25A-2(l) and -2(6)a.S.
In Wood v. Battle Ground School District, 107 Wash.App. 550, 27 P.3d 1208 (2001), four members of a five-member school board met at the home of one of the members to discuss the new superintendent and his administrative assistant, Jennifer Wood, both of whom were, according to one of the board members, “overpaid, underperforming, and otherwise unqualified.” 107 WashApp. at 556, 27 P.3d at 1213. The four board members later exchanged e-mail correspondence as a followup to their discussion. The board eventually terminated Wood’s employment. Wood sued the board and the four board members, alleging claims of defamation and a violation of Washington’s Open Public Meetings Act (“OPMA”). The trial court dismissed the defamation claim and entered a summary judgment in favor of Wood on the OPMA claim.
The Washington Court of Appeals stated that, to enforce the provisions of the OPMA, a plaintiff must show “(1) that a ‘member’ of a governing body (2) attended a ‘meeting1 of that body (3) where ‘action’ was taken in violation of the OPMA, and (4) that the member had ‘knowledge’ that the meeting violated the OPMA.” 107 WashApp. at 558, 27 P.3d at 1214. The OPMA defines “action” as “ ‘the transaction of the official business of a public agency by a governing body including but not limited to receipt of public testimony, deliberations, discussions, considerations, reviews, evaluations, and final actions.’ ” 107 Wash.App. at 559, 27 P.3d at 1214 (quoting Wash. Rev. Code § 42.30.020(3)) (emphasis added). The court concluded that “the exchange of e-mails can constitute a ‘meeting’ ” but that “the mere use or passive receipt of e-mail does not automatically constitute a ‘meeting.’ ” 107 WashApp. at 564, 27 P.3d at 1217. The court explained that the facts of the case demonstrated more than the board members’ passive receipt of information by email:
“Wood has established a prima facie case of ‘meeting’ by e-mails. The ... email discussions involved a quorum of the five-member Board. For instance, on November 30, [board president] Sharp sent an e-mail to all Board members and another e-mail to three of the members; on December 1, Sharp again e-mailed all the Board members, attaching a response he had received from [board member] Striker about a matter they had discussed; next, on December 3, [board member] Kim e-mailed Sharp and copied three other Board members in response to Sharp’s earlier e-mail; and on December 5, Sharp again emailed all Board members.”
107 Wash.App. at 565, 27 P.3d at 1217-18. With respect to the “deliberation” component of a “meeting,” the Washington Court of Appeals held that “the active exchange of information and opinions in these emails, as opposed to the mere passive receipt of information, suggests a collective intent to deliberate and/or to discuss Board business.” 107 WashApp. at 566, 27 P.3d at 1218. Having determined that Wood had met the threshold requirement of establishing a “meeting” under the OPMA, the court nevertheless reversed the summary judgment in favor of Wood, holding that there were genuine issues of material fact as to whether the board members had exchanged e-mail messages with knowledge that such exchanges violated the OPMA. 107 Wash.App. at 555-56, 27 P.3d at 1217-18. See also Roberts v. City of Palmdale, 5 Cal.4th 363, 376, 853 P.2d 496, 503, 20 Cal.Rptr.2d 330, 337 (1993) (construing the “Brown Act,” California’s open-meetings law, and holding that a meeting implies “collective action ... not ... the passive receipt by individu *35 als of their mail”); Johnston v. Metropolitan Gov’t of Nashville, 320 S.W.3d 299, 812 (Tenn.Ct.App.2009) (stating that e-mail exchanges between metropolitan council members, in which “members are clearly-weighing arguments for and against [a proposed zoning measure].... [and which were] copied to all Council members, mirror the type of debate and reciprocal attempts at persuasion that would be expected to take place at a Council meeting, in the presence of the public and the Council as a whole,” and concluding that the e-mails were “ ‘electronic communication ... used to ... deliberate public business in circumvention of the spirit or requirements’ of the Open Meetings Act. [Tenn.Code Ann.] § 8^4-102(c) (2002)”). See generally John F. O’Connor & Michael J. Baratz, Some Assembly Required: The Application of State Open Meeting Laws to Email Correspondence, 12 Geo. Mason L.Rev. 719 (2004).
II.
The trial court acted within the limits of its discretion in denying Lambert’s late amendment to the complaint.
“ ‘[U]ndue delay in filing an amendment, when it could have been filed earlier based on the information available or discoverable, is in itself ground for denying an amendment.’ Puckett, Taul & Underwood, Inc. v. Schreiber Corp., 551 So.2d 979, 984 (Ala.1989) (emphasis added). ‘[I]f the court determines ... that a party has had sufficient opportunity to state a claim ... but has failed to do so, leave to amend may be properly denied.’ Walker v. Traughber, 351 So.2d 917, 922 (Ala.Civ.App.1977) (quoted with approval in Stallings v. Angelica Uniform Co., 388 So.2d [942,] 947 [ (Ala.1980) ]).”
Todd v. Kelley, 783 So.2d 31, 36-37 (Ala. Civ.App.2000).

Conclusion

Keenum’s e-mail message to the other board members was the only evidence Lambert presented at the preliminary hearing. That communication was a unilateral expression of Keenum’s ideas or opinions concerning a specific matter that the members expected to be presented to the Board for a decision — not “[a]n exchange of information or ideas among” a quorum of board members, § 36-25A-2(l), and not, therefore, a “meeting” as contemplated by § 36-25A-2(6)a.3. Accordingly, Lambert failed to meet his initial burden of proof at the preliminary hearing. In addition, the trial court did not act outside the limits of its discretion in disallowing Lambert’s untimely amendment to the complaint.
The judgment of the Limestone Circuit Court is affirmed.
AFFIRMED.
THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
MOORE, J., concurs in the result without writing.