MURDOCK, Justice
(concurring in the result).
The main opinion concludes that there is a conflict between the decision of the Court of Civil Appeals in this case and the holding of this Court in Ex parte McInish, 47 So.3d 767 (Ala.2008). I agree. Conflicts of this nature, however, are perfectly understandable and, indeed, unavoidable given this Court’s decision Ex parte Southern Energy Homes, Inc., 873 So.2d 1116 (Ala.2003).
Except as to certain types of cases with which we are not here concerned, § 25-5-81(c), Ala.Code 1975, provides that the decision in a workers’ compensation case shall be based upon the trial court’s determination as to “a preponderance of the evidence.” Section 25 — 5—81(e)(2) states that a judgment of the trial court based on a factual finding “shall not be reversed if that finding is supported by substantial evidence.” In Ex parte McInish, this Court explained that the tasks of making credibility determinations and weighing the evidence, and ultimately finding facts, are within the domain of the trial court:
“ ‘[A]n appellate court will not reverse a judgment based upon a particular finding of fact “if that finding is supported by substantial evidence — if that finding is supported by ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ” Ex parte Trinity Indus., Inc., 680 So.2d 262, 268-69 (Ala.1996) (quoting West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala.1989))’ ”.
47 So.3d at 771 (quoting KGS Steel, Inc. v. McInish, 47 So.3d 749, 752 (Ala.Civ.App.2006)). “In reviewing a decision of the trial court, an appellate court is not permitted to reweigh the evidence because weighing the evidence is solely a function of the trier of fact.” 47 So.3d at 778.
As to whether the record in the present case contains substantial evidence in support of the trial court’s judgment, it is worth emphasizing that the trial court expressly stated in its opinion that it had considered the testimony of Windell Caldwell, Sr., and his wife and found it to be credible. The trial court further stated, expressly, that it placed a great deal of weight on Caldwell’s testimony in light of his exemplary 20-year record of work with West Fraser, Inc. Considering all the evidence before us, I cannot conclude, as a matter of law, that Caldwell’s testimony is so implausible that this Court must reject it and, in the process, reject the trial court’s determinations as to the credibility and weight of the evidence.
The main opinion takes note of this Court’s 2003 decision in Ex parte Southern Energy Homes and states that Southern Energy Homes is “instructive and that *907 [its] reasoning is applicable” in the present case. 104 So.3d at 905. I do not find it so.
While endorsing the totality-of-the-evidence approach adopted in Southern Energy Homes, the main opinion seeks to distinguish this case from Southern Energy Homes based on minor factual differences I do not find persuasive.[2] Indeed, the fact that the appellate courts of this State find themselves grappling with and weighing such factual differences in an effort to decide the outcome of a case is revealing. The reason we are here, and the real reason the Court of Civil Appeals was so divided in its approach to this case,[3] is in fact the holding of this Court in Southern Energy Homes.
The approach adopted by the majority in Southern Energy Homes unavoidably conflicts with the principles embodied in § 25-5-81 (c) and(e)(2), Ex parte McInish, and so many other cases that have repeatedly reaffirmed the fundamental substantial evidence-ore tenus deference owed to the findings of trial courts in workers’ compensation cases. To borrow terminology from one of the three dissenting opinions published in that case, the holding in Southern Energy Homes sub silentio “overrul[ed] ... so much bedrock workers’ compensation precedent.” 873 So.2d at 1128 (Johnstone, J., dissenting); see also 873 So.2d at 1124 (Lyons, J., dissenting) and at 1128 (Harwood, J., dissenting). Unless and until this departure from the “bedrock” principles reviewed at the outset of this writing is revisited and removed from our jurisprudence, it is inevitable that we will continue to see cases in which the appellate courts are asked to decide how much is enough — how much evidence in favor of the employer is enough to outweigh the evidence in favor of the employee. The struggle to answer this question has always been, and should again be, consigned solely to the trial courts.

. In Southern Energy Homes, according to the employee's testimony, “she immediately informed her supervisor that she had been injured on the job.” 873 So.2d at 1117. The employee missed the following day of work; five days later she asked her employer to arrange for her to see a doctor. Id. Several months later, according to the employee, she suffered further work-related injury, at which time she also immediately informed her supervisor. 873 So.2d at 1118. In the present case, the employee immediately informed his supervisor on the day of the injury that he was suffering from back pain and that he was leaving work to see a doctor, but he apparently made no mention of the injury being work-related. According to testimony from both Caldwell and his wife, they informed a medical provider on that day that Caldwell’s back pain was the result of an injury; however, the first mention of such an injury in a medical record appears four days later in connection with Caldwell’s third trip to a medical provider. In point of fact, considering the foregoing and the other evidence of record in both this case and Southern Energy Homes, the evidence available in support of the trial court's finding of medical causation arguably was stronger in Southern Energy Homes than it is here.

. The Court of Civil Appeals’ opinion was authored by Judge Moore, with Judges Pittman and Thomas concurring and Judge Bryan and Presiding Judge Thompson dissenting.